164

Court of Civil Appeals of Texas.
Austin.

Jan. 10, 1951.

Putney & Ritchey, by E. F. Ritchey, of Victoria, for appellant.

P. J. Alexander, of Smithville, for appellee.

HUGHES, Justice.

Mrs. Doris Slavik sought and obtained a judgment awarding her a divorce from Johnnie Slavik and custody of their three year old son.

The several points made by appellant in his brief all raise the insufficiency of the evidence to support the judgment. This insufficiency exists, it is said, as to (1) proof of appellee's residence, (2) proof of alleged cruelty, and (3) proof of issues regarding custody of the child.

Appellee testified point-blank that she lived in the State for as long as twelve months and in Bastrop County for as long as six months next preceding the filing of this suit. The date of the original filing was August 22, 1949; an amended original petition was filed October 29, 1949.

Appellee and her husband were living in Winnsboro, Texas, on December 18, 1948, when she and he were injured in an automobile accident. Following a two or three weeks stay in a hospital, appellee went to her parents' home in Smithville, Bastrop County, where she obtained employment and continued to reside up to the time of trial. During much of this time Mr. Slavik was confined in hospitals in various places. Following the accident neither of the Slaviks returned to the Winnsboro home to live.

We believe these facts fully support the judgment as to appellee's residence.

Appellee alleged numerous acts of misconduct on the part of appellant sufficient to constitute "cruel treatment" within the meaning of the statute, Art. 4629, Vernon's Ann.Civ.St. These were (a) failure to provide medical treatment for appellee while she was enceinte, (b) drunkenness, (c) non-support, (d) physical abuse, and (e) acts of immorality.

These matters were all fully developed upon the trial as reflected by a statement of facts containing 122 pages. No useful purpose to the parties nor to the bar would be served by reciting in detail the evidence.

We do say that, viewing the evidence most favorably to appellee, as is our duty, the allegations of cruelty and the judgment of the court in this respect are fully sustained by the evidence.

We do not consider appellant's argument as disagreeing so much with this con-

struction of the evidence as it is to convince us that these acts of cruelty were not the real reasons prompting appellee to sue for divorce. For instance, appellant says,—"It is peculiar that the apellee would allege the date of their separation on the date of this tragic accident. This statement of facts also reveals that when it was ascertained the appellant would be paralyzed, then appellee decided that she wanted a divorce. After meeting another man she evidently intended to marry when the divorce was granted."

Both of the parties were seriously injured in the accident in December 1948. Appellant, among other injuries, received a broken back and his legs are paralyzed. Ultimate recovery is uncertain. Appellee suffered an arm broken in four places, a broken hip and pelvis, and other injuries.

The date of this accident is alleged as the date of separation. It is also the actual date of separation which was thereafter continuous, except for a four-day visit which appellee and the baby made to appellant in Memphis, Tennessee, in April 1949, where he was hospitalized.

In the record, also, are letters of endearment from appellee to appellant, one written as late as July 1949. Also, there is appellee's letter of August 16, 1949, intimating that she had found "someone else" and wanted a divorce.

It is argued that these matters demonstrate that appellant's acts of misconduct were not the basis for this suit; also that such matters show condonation of all of appellant's previous misconduct.

In order to properly appraise these contentions we must refer to the events of the night of the accident.

On this night appellant and his wife attended a party where they danced and drank. When the party was over appellant and appellee started home in a friend's car. Appellant was lying down in the back seat, with his head on his wife's lap. Three persons were in the front seat. Appellant, remembering that his wife did not like the particular hat that he was wearing, decided to throw the hat out of the car window. The window not being open, appellant pro-

fanely declared that he would kick it open. The driver of the car upon hearing this, and apparently wishing to be of assistance, reached for a .22 rifle, lost control of the car and the crash occurred.

The driver of the car paid a fine for being drunk. Another occupant of the car admitted drunkenness. Certainly the acts of appellant were not those of a sober person. There is no evidence that appellee was drunk.

It seems to us that the tragic episode of the wreck was, to appellee, the culmination of all that had gone before. It is seldom that a divorce for cruelty is predicated upon a single act. Usually it is a course of conduct persisted in over a period of time which makes the further continuance of the marriage insupportable. We do not believe that we should lose sight of the excesses committed by appellant because of the sympathy which we have for him.

As to the letters expressing affection, appellee stated that some were written at a time when she was told and believed that appellant would not live. One letter, at least, was written after his present condition was known.

These letters are, no doubt, explained by the natural desire, commonly indulged, to coddle and protect the sick and infirm, and we attach no conclusive significance to them.

The letter concerning "someone else" written by appellee in August 1949 is in the nature of recrimination. It is not sufficient for this purpose. 15 Tex.Jur., pp. 493–497.

We are thoroughly satisfied that the evidence meets the standard of the law and that no legal barrier prevents affirmance of the judgment granting appellee a divorce. We are concerned only with ascertaining the legal rights of the parties and we neither condone nor condemn insistence upon divorce under the circumstances of this case. This is a matter of conscience and morals to be determined by the individual.

It would be an extreme case which would compel us to overrule the judgment

of a trial court giving custody of a three year old baby to its mother.

The facts here are that the father is physically and financially unable to care for the baby and did not ask that custody be given him, but only that custody be given to his sister and her husband, who expressed a willingness to accept custody of the child.

Appellee is employed and lives with her father and mother. The baby is well cared for and no reason is assigned by appellant for disturbing this part of the judgment, except that, under the present arrangements, he will not be able to see his child.

We feel quite sure that in the event appellant is unable to visit his child that the trial judge will, upon proper application, provide for the child to be taken to visit his father at such times and under such circumstances as are reasonable.

The judgment of the trial court is affirmed.

Affirmed.