**YOUNG v. YOUNG.**
No. 10098.

Court of Civil Appeals of Texas. Austin.
April 15, 1953.

Charles C. Smith, Jr., Cameron, for appellant.

Camp & Camp by Don G. Humble, Cameron, for appellee.

ARCHER, Chief Justice.

This appeal is from a judgment granting appellee a divorce from appellant. Appellee's alleged ground for divorce was cruel treatment.

At the time of the trial appellee was a member of the United States Navy and had served continuously for eleven years. Prior to and at the time he volunteered for service appellee resided with his parents at Thorndale in Milam County, Texas. During his eleven years' service in the Navy appellee was stationed at various bases outside of Texas, on ships and abroad. When his petition for divorce was filed and when the trial was had appellee's headquarters was Houston, Texas. He was subject to the orders of his superiors and was assigned to bases or to ships by such orders. Appellee said he had maintained his home address as Thorndale and denied that he had at any time intended to change it.

Appellee and appellant were married in March, 1947, while he was stationed at San Diego, California. Sometime after the marriage appellee was sent to London, England, where he remained two years. Appellant joined him there and while in London a son was born who at the time of the trial was three years of age. After his service in London appellee was assigned to duty on different ships with bases along the Atlantic coast. Appellant and the son resided at these bases. The ship to which appellee was assigned for service was transferred to San Diego, California, and a home was maintained there,—it was from there that appellee was transferred to Houston.

Appellee's testimony and some letters written by him to appellant after the suit

for divorce was filed constituted all of the evidence heard by the trial court.

The appellee testified that he and appellant were not living together and had not lived together since he returned from England, and that the reason he was not living with and could not live with his wife was that she is a wild tempered woman and had been married before to a corporal and is still in love with him, and she is not suited to him. The testimony further is that the appellant gets to drinking when appellee is around and is worse than when he was away, and that she wants to make appellee into the man that her first husband was; that he could not live with her.

The trial was nonjury. Appellee was granted a divorce and appellant was awarded custody of the child, together with monthly payments for his support.

Findings of fact and conclusions of law were filed. As to cruel treatment the trial court found:

"That the Defendant, Hazel M. Young, was guilty of excesses, cruel treatment, and outrages toward the Defendant, R. M. Young, of such a nature as to render their living together insupportable. That the Defendant is a wild tempered woman and failed to control her temper and embarrassed the Plaintiff both privately and publicly."

No issue as to the custody or the support of the minor child is presented here.

Art. 4631, Vernon's Ann.Civ.St. controls the question of appellee's residence for the purpose of maintaining a suit for divorce. It is not disputed that prior to entering the naval service his residence was in Milam County, and his testimony was that he had continuously maintained Thorndale as his home address. The mere fact that in obedience to orders appellee had physically resided at places other than in Milam County and other than in the State of Texas would not deprive him of the right to maintain his suit for divorce in that county. His domicile in Milam County remained while he was in the Navy unless by clear proof it was shown that by his intention he had acquired another. Klingler v. Klingler, Tex. Civ.App., 254 S.W.2d 817.

We think the testimony as to appellee's residence meets the test of being "full and satisfactory" and qualifies him to maintain his suit for divorce in Milam County. Struble v. Struble, Tex.Civ.App., 177 S.W.2d 279.

We have quoted from the testimony that which is relevant to the alleged cruel treatment of appellee by appellant.

"Cruel treatment, as used in our statute, Art. 4629, Vernon's Ann.Civ. St., may be physical or mental, or both, and must be such as to render the parties' living together insupportable. In considering such fact, each case must of necessity stand upon its own peculiar testimony. Acts which may be intolerable to one person may not be so to another. All the evidence must be examined in the light of the nature, object, and importance of the marriage contract. * * *

"Under the record here, viewed solely from the written word, we could conclude either that the acts charged as cruel treatment were or were not committed; also, if committed, that they were or were not intolerable or unendurable to the plaintiff. Under all the circumstances we find that the acts testified to by appellee and found by the trial court to be true, sustained the trial court's finding their further living together was insupportable, and we approve the trial court's findings thereon. * * *" Hogue v. Hogue, Tex.Civ.App., 242 S.W.2d 673, 676.

As was said in Slavik v. Slavik, Tex.Civ.App., 236 S.W.2d 164, viewing the evidence most favorable to appellee, as is our duty, the allegations of cruelty and the judgment of the trial court in this respect are sustained by the evidence.

The judgment of the trial court is affirmed.

Affirmed.