## KLINGLER v. KLINGLER.
### No. 2983.

Court of Civil Appeals of Texas.
Eastland.

Jan. 23, 1953.

Carrol C. Smith, Big Spring, Morrison & Morrison, Big Spring, for appellant.

Robert J. Allen, Lubbock, Hartman, Sheridan & Tekulsky, New York City, for appellee.

LONG, Justice.

Karl W. Klingler instituted this suit for divorce against Mildred G. Klingler. Before a hearing on the merits, defendant filed a plea in abatement alleging as grounds therefor that plaintiff was not, at the time of the institution of the suit, a resident of Howard County, Texas, and was not a bona fide inhabitant of the State of Texas and, therefore, not qualified to maintain a suit for divorce under Art. 4631, Vernon's Annotated Revised Civil Statutes. Upon a hearing, the court sustained the plea in abatement and dismissed the case. From this judgment plaintiff has appealed.

The learned trial court filed the following concise and clear findings of fact which are amply supported by the evidence:

"1. That plaintiff lived and had his home in New York City, New York from the date of his marriage in 1942 until he re-enlisted in the U. S. Army Air Forces in New York State on March 28, 1949.

"2. That as a member of the U. S. Army Air Force under orders, he was sent to the State of Texas in February 1950.

"3. That his entry into the State of Texas was involuntary due to orders of his superior officers.

"4. That his wife, the defendant, has maintained her home in the same apartment in New York City where plaintiff and defendant lived together prior to his re-enlistment in March, 1949, and that his wife has never resided with plaintiff in the State of Texas.

"5. That during all of the time that plaintiff has been in the State of Texas, he has lived in the Bachelor's Officers' Quarters (B. O. Q.) either at the Army Air Base in Lubbock County, Texas, or the Army Air Base in Howard County, Texas.

"6. That in October, 1951, plaintiff filed suit for divorce in Lubbock County, Texas, in the 99th District Court alleging his residence as Lubbock County, Texas and on March 25, 1952, the plaintiff testified in that divorce suit that he intended to make Lubbock County, Texas his future home.

"7. That plaintiff was transferred by military orders to Big Spring Army Air Base and reported to Big Spring Army Air Base in Howard County, Texas, on November 6, 1951.

"8. That plaintiff filed this suit in the 118th District Court of Howard County, Texas, on May 5, 1952.

"9. That plaintiff has been physically present at Webb Army Air Base in Howard County, Texas, from November 6, 1951 to the present date, except the time absent by reason of involuntary trips under military orders.

"10. That during the time mentioned in No. 9 above, plaintiff was continuously in the U. S. Army Air Force subject to orders of his superior officers and on duty at Webb Army Air Base in Howard County, Texas.

"11. That plaintiff testified that he entered into a contract of commitment for the construction of a house in Big Spring, Howard County, Texas, under the G. I. Bill, and made down-payment of $750.00 thereon and purchased certain extra materials for said house. But in connection with this testimony, plaintiff did not introduce the contract nor any documentary evidence of the contract of payment.

"12. Plaintiff further testified that he did not intend to use this house as a home for his wife, but for his own personal use.

"13. That the domicile of origin of the plaintiff at the time of his enlistment was the State of New York and that he has never established a residence either actually or by intention in the State of Texas nor in Howard County, Texas. That he has never changed his address on his army record from the State of New York to the State of Texas.

"14. That the plaintiff has failed to introduce evidence to establish a change of his domicile or residence from New York to the State of Texas or Howard County, Texas.

"15. That plaintiff is not a bona fide inhabitant of the State of Texas nor the County of Howard,· Texas, and therefore, is not qualified to maintain this suit for divorce in this Court.

"16. That plaintiff left numerous articles of personal property in his New York State apartment at the time of his re-enlistment and has never moved them to the State of Texas or Howard County, Texas."

Based upon the above findings of fact, the court filed the following conclusions of law:

"1. That the domicile of origin of the plaintiff, Karl W. Klingler, is the State of New York.

"2. That at the time of re-entry into the Armed Military Service, plaintiff was domiciled in the State of New York.

"3. That on the date of hearing of the Plea in Abatement in this cause, June 19, 1952, the plaintiff was domiciled in the State of New York. A member of the Armed Services is presumed to be domiciled at the place where he resided on the date of entry into the Armed Services unless clear and conclusive proof of a change of domicile is made.

"4. That plaintiff is not a bona fide inhabitant, actually or by intention, of the State of Texas, and hence is not qualified to maintain his suit for divorce in the Court of this State.

"5. Plaintiff has not shown by clear and conclusive evidence that he has changed his domicile from the State of New York to the State of Texas, and therefore, is not qualified to maintain his suit for divorce in the courts of the State of Texas, nor of Howard County, Texas.

"That by reason of the foregoing conclusions of law based on the findings of fact, this court does not consider that the plaintiff is qualified to maintain his suit in this court."

The trial court correctly applied the law to the facts.

"A soldier or sailor does not acquire a new domicile merely from being stationed at a particular place in the line of duty. His domicile remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal in-

tention." 15 Tex.Jur., page 716. See also Wilson v. Wilson, Tex.Civ.App., 189 S.W.2d 212; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516; Therwhanger v. Therwhanger, Tex.Civ. App., 175 S.W.2d 704.

Plaintiff failed to introduce full and satisfactory evidence of a change of domicile from his state of origin which was New York. He also failed to offer full and satisfactory evidence that he had established his domicile in Howard County, Texas.

The judgment is affirmed.