**Pat H. EARHART, Appellant,**

v.

**Marjorie Jean EARHART, Appellee.**

**No. 14009.**

Court of Civil Appeals of Texas.

San Antonio.

May 23, 1962.

Rehearing Denied July 11, 1962.

Maynard F. Robinson, San Antonio, for appellant.

Albert M. McNeel, Jr., San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a judgment of the 150th District Court of Bexar County dismissing appellant's suit for divorce, after a full hearing before the court on appellee's plea in abatement attacking the qualifications of appellant to bring this suit in Bexar County, Texas, under Article 4631, Vernon's Ann.Civ.Stats. Appellant complains of the trial court's action on the single point that under the undisputed evidence he was a bona fide resident of Bexar County, Texas, as required by said statute. There are no findings of fact.

Appellant, a career Air Force officer, filed this suit on January 3, 1962. He admits that he has not physically resided in Texas since he left Bexar County in 1950, to carry out a military assignment. At the time of filing the suit and for several years prior thereto, appellant was stationed in California. Therefore, he cannot claim jurisdiction under the 1957 amendment to Article 4631, supra, relating to persons in military service not previously citizens of Texas, but stationed in military installations in Texas for a period of one year and in the county for a continuous period of six months next preceding the filing of suit.

■ Appellant was born and reared in California and entered the service in 1943 from that State. This, however, would not preclude him from thereafter becoming a bona fide resident of Texas. Smith v. Smith, Tex.Civ.App., 311 S.W.2d 947; Robinson v. Robinson, Tex.Civ.App., 235 S.W.2d 228.

The rule is quoted with approval by the Supreme Court in Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W. 2d 363, 366:

"A soldier or sailor does not acquire a new domicile merely from being stationed at a particular place in line of duty. His domicile remains the same as that which he had when he entered

the service, unless he shows a change by proof of clear and unequivocal intention."

It was undisputed that appellant had been stationed in Bexar County, off and on, for about five years prior to 1950; that his second wife divorced him in Bexar County, and alleged that he was a resident of Bexar County; he bought four unimproved lots in Bexar County in 1949, and still owns them; he and appellee, whose home was in San Antonio, were married in Bexar County in 1950. Appellant testified to other facts which, if believed, would have supported a finding by the trial court that he was a bona fide inhabitant of Texas. The trial court, however, found to the contrary.

Appellant admitted that for two years prior to the filing of this petition he had declared California as his permanent residence on his military records. He also admitted that he and appellee had owned and lived in a home in Arizona from 1954 to 1956, while he was stationed in Tucson. Appellee denied that either of them had ever expressed an intention of making San Antonio their permanent home, and testified that appellant's military records had always reflected California as his permanent residence.

■■ The general rule is that the issue of residence of plaintiff in a divorce suit is a fact issue to be determined by the trial court and should not be disturbed on appeal unless there is a clear abuse of discretion. Appellant's sole point that "the evidence is undisputed" is a law question, and in considering same the reviewing court will consider only the evidence supporting the trial court's judgment. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Vinson v. Vinson, Tex.Civ.App., 340 S.W. 2d 562; Pippin v. Pippin, Tex.Civ.App., 193 S.W.2d 236.

■ By urging her plea in abatement, the burden was upon appellee to establish by a preponderance of the evidence that appellant did not have the residential qualifications. Goforth v. Goforth, Tex. Civ.App., 335 S.W.2d 281.

■ After a careful consideration of the evidence in this light, we have concluded that there was sufficient evidence to support a finding by the trial court that appellant did not have the residential qualifications required by law.

The judgment is affirmed.