**R. D. ALLEN, Appellant,**

v.

**Merlene ALLEN, Appellee.**

No. 7538.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 15, 1965.

Rehearing Denied Dec. 27, 1965.

Allen, Allen & Reavis, Perryton, for appellant.

William T. Brownlee, Perryton, for appellee.

DENTON, Chief Justice.

Merlene Allen brought suit in Lipscomb County, Texas, for divorce against her husband, R. D. Allen, and for custody of their two minor children. The husband by cross-action sought a divorce and custody of the children. The case was originally tried before a jury, however the jury was unable to reach a verdict and it was discharged. The case was then heard by the court without a jury, and it entered judgment granting Merlene Allen a divorce and awarded her custody of the children and denied appellant's cross-action for divorce. The parties stipulated that the statement of facts and entire record in the first hearing before the jury would be considered the record of this case and form the basis of a judgment rendered herein. Appellant's only point of error complains the trial court erred in granting appellee a divorce because she did not possess the residential requirements at the time she filed her petition for divorce. Appellant did not perfect an appeal from the order denying his cross-action for divorce.

The basic question to be decided is whether or not Merlene Allen, plaintiff below, had sufficient residence requirements in Lipscomb County and the State of Texas to maintain her divorce action. On January 23, 1964, appellee filed her petition for divorce and custody of the two minor children. She alleged she had been an actual bona fide inhabitant of the State of Texas for a period of more than one year next preceding the filing of the petition, and had resided in Lipscomb County for more than six months next preceding the institution of the suit. Appellant, defendant below, answered the allegations of his wife; filed a special exception pointing to appellee's lack of residential requirements; and filed a cross-action seeking a divorce from appellee and custody of the children. In his cross-action appellant also alleged the necessary residential requirements in the State of Texas and Lipscomb County.

Article 4631, Vernon's Ann.Civ.St., provides in part:

"No suit for divorce shall be maintained in the Courts of this State unless the petitioner for such divorce shall at the time of exhibiting his or her petition, be an actual bona fide inhabitant of this State for a period of twelve (12) months, and shall have resided in the county where the suit is filed for six (6) months next preceding the filing of same."

This statute defines the qualifications on the right to maintain a divorce. Therwhanger v. Therwhanger, (Tex.Civ.App.), 175 S.W. 2d 704; Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306. The statute is not a jurisdictional statute but a statute prescribing the qualifications of the plaintiff in a divorce case. Aucutt v. Aucutt, (Comm.App.), 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198 (Opinion Adopted); Goforth v. Goforth, (Tex.Civ.App.), 335 S.W.2d 281.

The parties were married on September 12, 1954, in Lipscomb County, and it is undisputed their domicile and residence was in Lipscomb County until December 30, 1963. At that time they separated and Mrs. Allen moved to Guymon, Oklahoma. She filed her original petition in the present case against appellant in Lipscomb County on January 23, 1964. She testified that on December 30, 1963, "I moved to Guymon, Oklahoma." She rented a house in Guymon and was residing there with her two children at the time of the trial. She was employed there as a nurses aide, and she testified at the trial on November 16, 1964, that she had worked at that job for ten months. It is apparent she began this employment in January of 1964, within a few days from the time she moved to that city. She did not allege nor did she present testimony that the move or her absence from Lipscomb County was temporary. She was not questioned concerning her statutory residential qualifications. The only testimony on this matter was the testimony adduced from Mr. Allen when questioned by appellee's attorney:

"Q. And on what date did you separate?

A. December 30, 1963.

Q. Where were you living at the time of your separation?

A. Five miles southeast of Booker.

Q. Had you and your wife, prior to that time, both been residents of the State of Texas for a year and Lipscomb County for over six months?

A. Yes, sir."

Obviously "prior to that time" refers to December 30, 1963, the date of their separation, and not to the statutory requirement which refers to the date of the filing of the divorce petition.

By counter-point appellee takes the position that in the event either party to a divorce action has the residential requirements, the District Court may grant ei-

ther party a divorce. In effect, appellee says that since appellant admittedly had the residential requirement and he sought a divorce by way of cross-action, he is in no position to complain of the action of the trial court in granting appellee a divorce. In support of this contention appellee cites Aucutt v. Aucutt, supra, and Prendergast v. Prendergast, (Tex.Civ. App.), 122 S.W.2d 710, among others. These cases are not authority for appellee's contention. In all these cases cited the plaintiff alleged and proved the residential requirements to maintain a divorce, and it was held the defendants were entitled to a divorce on their cross-actions in the absence of residential requirements on their part. In the Aucutt case Judge Crites quotes with approval the following language in Charlton v. Charlton, (Tex.Civ.App.), 141 S.W. 290:

> " 'Looking to the terms of the statute, and construing the language used in the light of the reason and general purpose of its enactment, we would be prepared to hold, in the absence of authority, that the requirements of the statute as to residence were only intended to apply to the plaintiff—in the language of the statute, "the petitioner for divorce," the person who puts the machinery of the courts in motion in a divorce proceeding. The purpose of the statute was to protect, not only the defendant in divorce proceedings, but also the interests of society, against fly-by-night divorce suits instituted by birds of passage, who, with no stability of residence, might use the courts to procure divorces upon false grounds. * * * We do not think that it was thought necessary, in order to effectuate this purpose, to make the same requirements, as to residence, of a defendant in a divorce proceeding, unwillingly brought into court, as is made of a plaintiff instituting the suit."

Thus it is true that a defendant may prosecute a cross-action for a divorce in a county where he does not reside, such a rule is not involved in the case now before us. The plaintiff must possess the qualifications prescribed by Article 4631 before he is entitled to prosecute a divorce suit in the courts of this State.

 Under this record the appellee wholly failed to show that she was a bona fide inhabitant of the State of Texas at the time she filed her petition for divorce, and she also failed to show that she had resided in Lipscomb County for six months next preceding the filing of her divorce petition. The implied findings of the trial court in this regard are not supported by the evidence. Bomar v. Bomar, (Tex.Civ. App.), 229 S.W.2d 859; Holmes v. Holmes, (Tex.Civ.App.), 301 S.W.2d 677; Kaherl v. Kaherl, (Tex.Civ.App.), 357 S.W.2d 622.

The judgment of the trial court is reversed and the cause is dismissed.