Roland I. PERUSSE, Appellant,

v.

Patricia Godley PERUSSE, Appellee.

No. 5826.

Court of Civil Appeals of Texas.

El Paso.

April 27, 1966.

Rehearing Denied May 18, 1966.

Irion & Rash, El Paso, for appellant.

Collins, Langford, Pine & Woodard and John A. Langford, El Paso, for appellee.

FRASER, Chief Justice.

This is an appeal from an order of the District Court of El Paso County, Texas granting and sustaining a plea in abatement. The question before this court is whether or not the appellant, Roland I. Perusse, is entitled to a trial in the District Court below to seek and obtain a divorce from the appellee, Patricia Godley Perusse.

The appellant is a resident of El Paso County, Texas, and is employed as a professor of political science at Texas Western College. He and the appellee were married on February 19, 1944, in Bayside, New York. There were three children born of the marriage, only two of whom are subject to the jurisdiction of the Texas court because of their age. Nancy Jean Perusse is a female child, now ten years of age, and Dawn Louise Perusse is a female child, now fourteen years of age. On September 3, 1964, in the State of Maryland, the parties voluntarily agreed to separate as husband and wife. Pursuant to this agreement, the appellant had the custody and control of Nancy and the appellee of Dawn.

Subsequently, appellant filed his original petition in the court below on July 6, 1965. Therein he sought a divorce from appellee pursuant to the provisions of Art. 4629(1), Vernon's Ann.Tex.St., as well as custody of Nancy. Non-resident citation was issued by the clerk of the court on July 23, 1965, and service was obtained on the appellee in Maryland on August 9, 1965. On July 22, 1965 the appellee instituted a divorce proceeding in the Circuit Court for Montgomery County, Maryland, sitting as a Court of Equity. This action sought a divorce "a mensa et thoro" pursuant to the provisions of Art. 16, section 25 of the Annotated Code of Maryland 1957, and also prayed for the custody of Dawn. The appellee filed her plea in abatement on or about September 3, 1965, and sought to have the Texas divorce proceeding abated because of the alleged Maryland divorce proceeding.

Thereafter, appellant Perusse filed an amended original petition in the court below on September 8, 1965, which amplified his original petition by also seeking custody of Dawn. Non-resident citation was subsequently issued and served on the appellee in Maryland. Thereafter, the appellee filed an amended petition in the Maryland court on September 20, 1965, also seeking custody of both minor children.

On November 2, 1965, appellee filed an "Amended Plea in Abatement" in the court below, which proceeded to a hearing on November 10, 1965. Therein, the trial court ordered that this cause be abated, "provided that the Court is furnished with an authenticated copy of the amended or other pleadings wherein an absolute divorce is prayed for in the cause now pending in the State of Maryland, wherein the Defendant is Plaintiff and the Plaintiff herein is Defendant; and it is further Ordered that no order sustaining said Plea should be entered of record until such time as said authenticated copy is furnished to the Court."

The record does not show that the proof required above by the court's order was ever furnished. Appellant then filed his "Motion for Rehearing" asking that the plea in abatement be denied or modified by the court so that it would be final in nature, rather than interlocutory. The court heard this motion for rehearing on December 10th. We think it advisable to include some of the wording of the first "Order" of the trial court with reference to the plea in abatement. The court stated as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that said Plea in Abatement be, and is hereby sustained, provided that the Court is furnished with an authenticated copy of the amended or other pleadings wherein an absolute divorce is prayed for in the cause now pending in the State of Maryland, wherein the Defendant is Plaintiff and the Plaintiff is Defendant; and it is FURTHER ORDERED that no order sustaining said Plea should be entered of record until such time as said authenticated copy is furnished to the Court."

This is the last paragraph of the Order and is dated November 10, 1965 and signed by the trial judge. After this order was entered, plaintiff Roland I. Perusse filed his motion for rehearing, and on December 10, 1965 the trial court issued another order in which he stated that the motion (presumably the motion for rehearing) should be

granted. The court then goes on to say that it is ordered, adjudged and decreed that the plea in abatement heretofore filed herein on behalf of the defendant, Patricia Godley Perusse, "is hereby in all things granted"; and that the cause pending in El Paso County "is hereby abated" pending outcome of the divorce action between the same parties in Montgomery County, Maryland, in cause numbered 30,292.

We shall treat appellant's four points together, for the sake of clarity and brevity. These points generally complain of the court's action because appellant's original suit for divorce was filed before any suit was filed in Maryland; that the two actions, one in Texas and the other in Maryland, are not the same in nature or in the relief prayed for; and lastly, that appellant, by filing his amended petition in September, 1965, complied with the residential requirements for this type of action. We believe that appellant's position and his points of error must be sustained for the following reasons.

 The record shows that at the time appellant filed his amended petition, which complied then with the residential requirements for a divorce suit in Texas, the appellee had filed for a divorce "a mensa et thoro" in Maryland which, according to the references in the record here, is actually, viewed from a Texas standpoint, a legal separation and not an absolute divorce. For example, neither party can re-marry, and for other purposes, such as adultery, both parties are considered to be still married. Therefore, the plea in abatement filed attempted to abate a suit in Texas which was for a complete and final divorce, on the basis that a suit for legal separation had been filed in Maryland. It has long been held that a cause may be abated only where both actions or causes of action are the same and ask for the same relief. 1 C.J.S. Abatement and Revival § 40; 1 Tex.Jur.2d, Abatement and Revival, § 34; Payton v. Hurst Eye, Ear, Nose & Throat Hosp.

& Clinic (Tex.Civ.App.), 318 S.W.2d 726 (reh. den.); Hatten v. City of Houston (Tex.Civ.App.), 373 S.W.2d 525 (err. ref., n. r. e.). A full and complete divorce comparable to that sought by appellant in Texas is described by the Maryland laws as a divorce "a vinculo matrimonii". It is clear, therefore, that at the time the court here heard the matters involved, and issued its two orders, that the appellee in the Maryland court had not filed or asked for anything more than a "bed and board" legal separation. This, in our opinion, would not suffice to abate the complete divorce decree asked for by appellant. This matter is well set out in 31 A.L.R.2d 442, which states the following at page 447:

"On the other hand, the pendency of action between the same parties for separation on the ground of abandonment and nonsupport was held not to bar an action for absolute divorce in Hall v. Hall (1912) 150 AppDiv 688, 135 NYS 741. The decision was rested on the ground, among others, that 'the two actions are brought on different grounds for different relief,' the court relying upon Conrad v. Conrad (1908) 124 AppDiv 780, 109 NYS 387, where it was held that it was not proper to unite in the same complaint a cause of action for absolute divorce and one for separation on the ground of abandonment.

"That an action for an absolute and one for a limited divorce are based on different causes of action was also intimated in Cook v. Cook (1912) 159 NC 46, 74 SE 639, 40 LRA NS 83, Ann Cas 1914A 1137, infra, § 4, under heading 'Where defendant in first action has not asked for affirmative relief.'"

Therefore, it seems clear to us, and we so hold, that at the time the court signed its final order abating the suit in Texas (the date of which was December 10, 1965), there was no suit filed anywhere legally comparable to the one pending in El Paso County.

■ Also, it must be pointed out that the court's first order expressly stipulated that the plea would be granted only if documentary evidence were presented to the court showing that appellee had a cause pending in Maryland wherein she was asking for an absolute divorce. This first order, as stated here, further says that no order sustaining such plea (plea in abatement) should be entered until this documentary evidence had been filed and presented in the District Court of El Paso County, Texas. We feel that it is important to point out that after this first order, the appellant filed a motion for rehearing and, in the second order dated December 10, 1965, the trial court specifically says that he is hearing a motion for rehearing; but then he goes to state that appellee's plea in abatement is in all things granted and the suit filed in El Paso County, Texas shall be abated until the disposition of the suit filed in Maryland. It is not clear to us on what grounds the court granted this second order without the requirements set forth in the first order having been complied with, especially in view of the fact that the second order recites that it is in answer to a motion for rehearing dealing with the original plea in abatement. In other words, the second order does not appear to be an independent action or a stay or plea in abatement of itself, but is based, by the court's own language, on a motion for the rehearing of matters pertaining to the first order granted November 10th.

Lastly, the record shows that the Maryland court, in a suit bearing a different number (31,360) than the original suit filed by appellee (No. 30,292), recites that such court did, on March 8, 1966, sign a Decree of Divorce *a mensa et thoro,* and dealt with the custody of the children, including an order for custody and injunction. The Maryland court then issued a show-cause order requiring the appellant to show cause why the appellee should not be given permanent control and custody of all three children. Then we find another properly authenticated copy of an order by the same court bearing the same number—to-wit, 31,360—which is described as an Order of Publication, and states that the "object of this suit is to procure a decree of divorce *a vinculo matrimonii* for the plaintiff, Patricia G. Perusse, from the defendant, Roland I. Perusse, and for permanent care and custody of the two minor children." So it is obvious that appellee did not file or petition for a complete divorce, comparable to the one filed for by appellant here in El Paso County, until the month of March, 1966. Therefore, the two orders or pleas in abatement, or whatever they may be, were issued by the El Paso court long before appellee had filed a similar suit in the State of Maryland. For that reason, the justifications of comity and abatement, in our opinion, do not here exist.

■ We should like to point out that the issue of residency is not jurisdictional, but is a fact matter to be determined by the trial court. Bomar v. Bomar (Tex.Civ. App.), 229 S.W.2d 859; Earhart v. Earhart (Tex.Civ.App.), 358 S.W.2d 878. It has also been held that the time of filing the amended petition should be considered as "the filing of the suit" within the purview of the divorce statutes. Bateman v. Bateman (Tex.Civ.App.), 188 S.W.2d 866; Whitsett v. Whitsett (Tex.Civ.App.), 201 S.W.2d 114. In the case before us, it is clear that when appellant had filed his amended petition in September of 1965, he had complied with and fulfilled the residence provisions of the Texas divorce statutes.

■ Appellee claims that the orders here are not invalid because they are actually merely a stay of proceeding, but in her brief she refers to the transcript wherein it is stated by the court that the "Plea in Abatement be sustained". We do not feel that appellee's contention that this is an interlocutory order can be sustained. Examination of the record reveals that if the Maryland court proceeds with its proposed complete divorce (a vinculo), there will be nothing left to pass on in El Paso

County; and so the only interlocutory feature would be that appellant in El Paso County would simply have to wait until his rights had all been disposed of in Maryland in a matter filed some four months after appellant had questioned and appealed from the orders in El Paso County, and some six months after he had filed a similar suit in El Paso County, Texas. It must be remembered that a pleading is what it is, and not always what the pleader may say or interpret it to be; and here we see nothing but finality for the rights of the appellant if appellee is permitted to go ahead with her court action in Maryland. Appellee, of course, argues that appellant did not have a valid suit for divorce before appellee filed her suit in Maryland. We do not believe this contention to be correct because, as stated above in Bateman v. Bateman (supra), it has been held that the time of filing the amended petition is to be considered as the time of "the filing of the suit." In any event, the suit filed by appellee in Maryland was not the same type of action that the appellant was seeking to maintain in El Paso County, Texas, and was not proper justification to abate or stay the Texas suit.

In conclusion, we find that the appellant had on file in September, 1965 a cause asking for complete divorce and which, at that time, fulfilled all residence requirements set up by the State of Texas. At the time both orders were filed by the District Court of El Paso County, appellee had on file only a suit for legal separation. It seems useless to argue that these are the same types of action or, as the cases hold, "the same cause". The relief just simply is not the same in each case. Furthermore, the wording of the orders executed or decreed by the District Court of El Paso County clearly sets forth that the second order was in response to a motion for rehearing, and was not a new or separate plea in abatement. The first order is in reference to the plea in abatement, and it requires authenticated documentation, that, as we have pointed out above,

appellee simply did not produce. Therefore, we feel that the trial court was not justified in granting either order, and his discretion therein would not be sufficient to warrant him to execute the orders as he did.

Appellant's points are therefore sustained, and we hold that the appellant is entitled to the relief he asks for.

The two orders of the District Court of El Paso County, Texas, dated November 10 and December 10, 1965, respectively, are therefore vacated and held for nought, and the holdings of the trial court therein are accordingly reversed and rendered in accordance with this opinion.