

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 20, 1966

Honorable Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. C-712

Re: In the interpretation of the
meaning of the term "nonresi-
dent", as same is used in Art.
6687b, Vernon's Civil Statutes,
Sec. 3, paragraph 3, is there
a presumption, rebuttable or
otherwise, that a member of the
armed forces of the United
States, who has been required
by his military duties to re-
side in the State of Texas for
a period of more than 90 days,
is no longer a "nonresident"?

Dear Mr. Crouch:

In your recent letter requesting the opinion of this
office concerning the above captioned inquiry, you state the
following:

"In recent months there has arisen in Tarrant County,
a question of law which affects all of the police, prosecution
and judicial agencies. The question involves the proper con-
struction to be placed on the requisites of Art. 6687b pertain-
ing to the necessity of an individual who drives a motor ve-
hicle to be licensed by the State of Texas. More specifically,
the question involves the interpretation of the exemption pro-
visions of Par. 3, Sec. 3, Art. 6687b as applied to persons
who are members of the local military establishment, Carswell
Air Force Base in Fort Worth, Texas.

"It seems that a custom has developed by which a
person who is a member of the military establishment is con-

sidered to be a resident of the State of Texas after he has resided in this state for a period of 90 days, and that after such time, he is not exempt from the licensing requirements of the State of Texas even though he may hold a valid operator's license issued by his home state. The rule of thumb has apparently been enforced without regard to whether the soldier is married or single or whether he resides on a military reservation or elsewhere."

You thereafter ask the following question:

"In the interpretation of the meaning of the term 'nonresident', as the term is used in Art. 6687b, V.A. T.S., Sec. 3, Par. 3, is there a presumption, rebuttable or otherwise, that a member of the Armed Forces of the United States who has been required by his military duties to reside in the State of Texas for a period of more than 90 days, is no longer a 'nonresident'?"

We have concluded that a negative answer must be given to the question posed.

Paragraph 3, Section 3 of the Article 6687b, Vernon's Civil Statutes, makes the following exemption:

"A nonresident who is at least sixteen (16) years of age and who has in his immediate possession a valid operator's license issued to him in his home State may operate a motor vehicle in this State only as an operator . . . ."

Section 1 (p) of the statute merely defines the term "nonresident" as used therein as "Every person who is not a resident of this State." The statute fails to give any definition of the meaning of "Resident."

In determining the meaning of such terms as used in the particular statute, we must examine the context in which they are employed in that the terms have no fixed, exact meaning in the law. They may have a variety of meanings, depending upon the context in which they are employed as well as the subject matter and purposes involved. 25 Am.Jur.2d 7, Domicil, Sec. 4; Switzerland Gen. Ins. Co. v. Gulf Ins. Co., 213 S.W.2d 161 (Tex.Civ.App. 1948, error dism.); Hughes v. Illinois Public Aid Com., 2 Ill.2d 374, 118 N.E.2d 14 (1954), and authorities cited.

In view of the context in which the terms "resident" and "non-resident" are employed in the vehicle licensing statute,

we have concluded that the terms should be construed in their natural and usual sense, referring to the concept of a "domicil" as distinguished from a "mere temporary residence." A "non-resident" is referring to one whose domicil is in his "home" state, and a "resident" is one whose domicil is in Texas, as distinguished from having a mere temporary residence in Texas. The statute expressly states that the "nonresident" has an "operator's license issued to him in his home state." Hence, the term "resident" is used synonymously with "domicil". 25 Am.Jur.2d 9-10, Domicil, Secs. 6 and 7.

Under the facts submitted, we find no statutory authority to support the existence of any legal presumption that a serviceman required to reside in the state for a period of ninety days or more is no longer a "nonresident" within the meaning of the statute. Therefore, the question is controlled by the general law and common law decisions applicable thereto.

Virtually all of the authorities, not only in Texas but elsewhere, hold that the law is settled that a person in the military service is presumed to retain his domicil in the state from which he was inducted. The presumption is rebuttable and continues only until such time as he effectively abandons it and establishes a new domicil elsewhere. 21 A.L.R.2d 1163, 1180, Sec. 13; 25 Am.Jur.2d 29-30, Domicil, Sec. 39; Jones v. Jones, 176 S.W.2d 784 (Tex.Civ.App. 1943); Wilson v. Wilson, 189 S.W.2d 212 (Tex.Civ.App. 1945); Pippin v. Pippin, 193 S.W.2d 236 (Tex. Civ.App. 1946); Lewis v. Lewis, 224 S.W.2d 277 (Tex.Civ.App. 1949); Klingler v. Klingler, 254 S.W.2d 817 (Tex.Civ.App. 1953); Postle v. Postle, 280 S.W.2d 633 (Tex.Civ.App. 1955).

The general rule dealing with the question of residence in the sense of domicil is summarized in 21 Tex.Jur.2d 60-74, Domicil, and at Sec. 9, pg. 69, the law with respect to service personnel is stated as follows:

"Although the fact that one is a soldier or sailor does not deprive him of the right to change his residence or domicil and acquire a new one, he does not acquire a new one merely by virtue of being stationed at a particular place in the line of duty. His domicil remains the same as that which he had when he entered the service, unless he shows a change by proof of clear and unequivocal intention. Furthermore, the ordinary presumption that the place where a person actually lives is his domicil does not arise in the case of a soldier in active service. This spe-

cial rule is based on the fact that a soldier's removal to another state is not voluntary, and his physical presence is likewise not necessarily voluntary, for he moves in pursuance to military orders."

It is abundantly clear from the above cited texts and authorities that no hard and fast rule can be formulated with respect to the serviceman's domicil or residence status. Each case must be decided upon the peculiar facts presented with reference to objective evidence to support the serviceman's intention. Normally, his mere residence, together with family, on a military installation is insufficient to show a domicil within the State.

It is therefore our opinion that:

1. The term "resident" as used in Article 6687b, V.C.S., means "domicil" and the term "nonresident" as used in the statute refers to one who has his "domicil" elsewhere than in the State of Texas;

2. No legal presumption, rebuttable or otherwise, exists in Texas that a member of the armed forces of the United States, required by his military duties to live in Texas for a period of more than ninety days, is no longer a nonresident, as that term is used in Section 3, paragraph 3 of Article 6687b;

3. There is a rebuttable presumption that such a person in the military service retained his domicil in the State from which he was inducted until such time as he is shown by clear and unequivocal proof to have effectively abandoned it and established a domicil elsewhere.

## SUMMARY

The term "resident" as used in Article 6687b, V.C.S., means "domicil" and the term "nonresident" as used in the statute refers to one who has his "domicil" elsewhere than in the State of Texas;

No legal presumption, rebuttable or otherwise, exists in Texas that a member of the armed forces of the United States, required by his military duties to live in Texas for a period of more than ninety days, is no longer a nonresident, as that term is used in Section 3, paragraph 3 of Article 6687b;

There is a rebuttable presumption that such a person in the military service retained his domicil in the State from which he was inducted until such time as he is shown by clear and unequivocal proof to have effectively abandoned it and

Honorable Doug Crouch, page 5 (C-712)


established a domicil elsewhere.

Yours very truly,

Waggoner Carr
Attorney General


By: Kerns B. Taylor
Kerns B. Taylor
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Phillip Crawford
W. O. Schultz
Ralph Rash
Gordon Cass


REVIEWED FOR THE ATTORNEY GENERAL
By:  T. B. Wright