Elizabeth Ann **ALLUMS**, Appellant,

v.

John R. **ALLUMS**, Appellee.

No. 462.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 10, 1971.

Rehearing Denied March 31, 1971.

Thomas W. Youngblood, Jr., Thomas Lawson Blair, Jr., Markwell, Stubbs, Decker, Dalehite & Youngblood, Galveston, for appellant.

Richard Thornton, Galveston, for appellee.

TUNKS, Chief Justice.

Captain John R. Allums, plaintiff in the trial court and appellee here, and Elizabeth Ann Davis Allums, defendant in the trial court and appellant here, were married in 1943. They were residents of the State of Louisiana at the date of their marriage. This is an appeal from a judgment of the Court of Domestic Relations of Galveston County, Texas, by which judgment Captain Allums was granted a divorce from Mrs. Allums. The principal issue on this appeal relates to the evidentiary support of the proof of residence that must be made as a condition to the right to invoke the jurisdiction of a Texas court in a divorce case.

At the date of his marriage Captain Allums was, and at all times since such date, has been, on active duty in the United States Coast Guard. In 1946 the parties moved to Galveston County, Texas, when Captain Allums was assigned to duty there. In 1948, the parties bought a home in LaMarque, Galveston County, Texas. They continued to live in their home in La-Marque until 1956 when the husband was assigned to duty in another state. Since that date the husband's assignments have taken him to a number of other states but never back to Texas. The parties did not sell their home when they left Texas in 1956 but have kept it rented since that date. While Captain Allums was on assignment in New Orleans, Louisiana, the parties bought another home which they occupied for a period of three years. During the time that they occupied this home in New Orleans, they claimed a homestead exemption upon it for tax purposes. At all times since the purchase of the La-Marque home Captain Allums has designated it as his permanent address on his military records. On income tax returns filed since coming to Texas he has shown LaMarque as his residence and has filed his returns at Austin, Texas. He has not voted in any other states since leaving Texas. He did register and vote in Galveston County, Texas (by absentee ballot) in 1970. He was at the time of the trial on assignment to duty in Hawaii. He testified that when he left Texas in 1956 and at all times since, it had been his intention to return and make his home in La-Marque when his service in the Coast Guard ended.

In 1968, the parties were living in Cleveland, Ohio. In the early part of that year they were separated and continuously have been separated since. In March 1968, Mrs. Allums filed suit in the Court of Common Pleas of Cuyahoga County, Ohio, for separate maintenance. In that suit, on September 27, 1968, Captain Allums filed a cross-petition for divorce wherein he alleged, under oath, that he was a resident of Cuyahoga County, Ohio. His original petition in this case was filed on July 1, 1969. The cross-petition filed by Captain Allums in the Ohio proceeding wherein he sought divorce in that court was voluntarily dismissed by him on July 29, 1969.

The original answer filed by Mrs. Allums in this case included a plea designated "Plea in Bar and/or Abatement." That plea challenged the plaintiff's right to maintain his suit in Texas upon two grounds, first, the pendency of the Ohio litigation and, second, the failure of the plaintiff to meet the Texas residence requirements for a divorce action. On October 7, 1969, a hearing was held on that plea. The only witness who testified at that hearing was Captain Allums. The reporter's transcript of the evidence there received was filed in this Court as Volume II of the Statement of Facts. The record does not include any order signed by the trial judge following such hearing but the docket sheet includes an unsigned notation, dated October 27, 1969, in the following language: "Plea of Abatement is hereby denied."

The trial court was not required either to abate or dismiss this case because of the pendency of the litigation in Ohio. It is true that at the time the plaintiff filed his original petition herein there was an earlier suit for divorce filed by him as a cross-action and still pending in Ohio. But before the defendant's plea in abatement in this case was heard, and before the case was tried, that suit by him for divorce had been voluntarily dismissed. At the date of the hearing on the defendant's plea and at the date of the trial of this case the only litigation pending between these parties in Ohio was the wife's suit for separate maintenance. That was not the same cause of action as this one and the issues in it are not the same as those in this divorce action. The trial court did not err in failing to sustain the defendant's plea in abatement based upon the prior litigation in Ohio. Perusse v. Perusse, 402 S.W.2d 931, (Tex.Civ.App.1966), no writ hist.; Nowell v. Nowell, 408 S.W.2d 550, (Tex.Civ.App.

1966), err. dismd, certiorari denied, 389 U. S. 847, 88 S.Ct. 53, 19 L.Ed.2d 116.

The plaintiff's original petition filed in this case on July 1, 1969, included an allegation as to plaintiff's residence substantially in the language of Art. 4631, Vernon's Ann.Tex.Civ.St., which statute was then in effect. The only ground for divorce alleged by plaintiff in his original petition was cruelty, which allegation was substantially in the language of Art. 4629 (1), V.A.T.S., then in effect. On January 1, 1970, the Texas Family Code, V.T. C.A. became effective. That code, at Sec. 3.01, makes insupportability a ground for divorce. The relevant earlier statute in effect at the time this suit was filed, Art. 4629, did not include insupportability as a ground for divorce.

On January 5, 1970, the plaintiff filed an amended petition in which he repeated his allegation of cruelty as a ground for divorce and added the ground of insupportability, his allegations thereof being substantially in the language of Sec. 3.01 of the Texas Family Code.

On July 14, 1970, this case came on for trial before the court and jury. The issues submitted inquired as to whether the plaintiff had resided in Texas one year and in Galveston County six months before the filing of plaintiff's amended petition. Both issues were answered in the affirmative. The plaintiff apparently abandoned his ground of cruelty and submitted to the jury only the ground of insupportability as a basis for his divorce. The issues relating to the ground of insupportability were found in favor of the plaintiff. The trial court rendered judgment on the verdict granting the divorce, divided the community property and allowed the wife a recovery of attorney's fees.

There is some dispute between the parties as to the nature and effect of the October 7, 1969 hearing. That question is immaterial. The ground, insupportability, upon which the plaintiff was given a divorce was first alleged in his amended petition. In fact, that ground was not a statutory ground for divorce in Texas at the time of the filing of plaintiff's original petition or at the time of the October 7, 1969 hearing. The controlling period as to plaintiff's required domicile and residence were, therefore, the twelve month and six month periods before the filing of his amended petition. Perusse v. Perusse, supra. It is obvious that the trial judge could not have, on October 7, 1969, determined the fact of plaintiff's continuous domicile and residence during periods ending on January 5, 1970.

The question is immaterial also because the evidence shows as a matter of law that the plaintiff was not a resident of Galveston County, Texas during a continuous six month period preceding either the filing of the original petition or the amended petition.

■ The residence required in Texas as a condition to maintaining a divorce action is an actual, as distinguished from a constructive, residence. Forse v. Forse, 220 S.W.2d 342, (Tex.Civ.App.1949), no writ hist.; Struble v. Struble, 177 S.W.2d 279, (Tex.Civ.App.1943), no writ hist.; Saunders v. Saunders, 293 S.W. 899, (Tex. Civ.App.1927), no writ hist.; Gallagher v. Gallagher, 214 S.W. 516, (Tex.Civ.App. 1919), no writ hist.; Michael v. Michael, 34 Tex.Civ.App. 630, 79 S.W. 74, (1904), no writ hist. It is true that a temporary absence from the county will not necessarily terminate one's actual residence there. Meyer v. Meyer, 361 S.W.2d 935, (Tex. Civ.App.1962), error dismd; Bateman v. Bateman, 188 S.W.2d 866, (Tex.Civ.App. 1945), error dismd. But in this case the plaintiff was absent from Galveston County for more than thirteen years. During that period he bought and occupied one home which he claimed as his homestead for tax purposes. He acquired a status in another state which he stated under oath established his residence in that state for the purpose of maintaining a divorce there.

In at least those two instances the evidence showed other actual residences which terminated his former status as a Galveston County resident. Subsequent to those foreign residences, he has done nothing to re-establish his actual residence in Galveston County. His only presence in that county was on the occasion of the October 7, 1969 hearing. He was then en route from his station in Cleveland, Ohio, to a new assignment in Hawaii. His testimony that he intended to return to LaMarque to live when he retired from service did no more than show that he intended later to re-establish his actual residence in Galveston County. Such testimony was not sufficient to meet the requirements for showing actual residence in Galveston County for a period of six months before the filing of his amended petition. Struble v. Struble, supra.

The judgment of the trial court is reversed and the judgment here rendered dismissing plaintiff's suit for divorce.