Fred Stuart WILSON, Appellant,

v.

Mary Gwynne WILSON, Appellee.

No. 738.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 4, 1973.

Rehearing Denied May 2, 1973.

Second Rehearing Denied May 23, 1973.

Charles R. Vickery, Jr., David S. Brown, Vickery & McConnell, Houston, for appellant.

Hartford H. Prewett, Foreman, Dyess, Prewett, Rosenberg & Henderson, Houston, for appellee.

CURTISS BROWN, Justice.

This is a divorce case tried to the court.

The trial court's judgment granted appellee a divorce, ordered child support, di-

vided community property and awarded attorney's fees to appellee.

■ ■ Appellant attacks the judgment only on the grounds that the trial court abused his discretion in finding that the domicile and resident requirements of Art. 3.21 of the Texas Family Code, V.T.C.A., had been met. The law requires that one petitioning for divorce be a resident of the Texas county in which the action is brought six months prior to filing. Tex. Family Code Ann. art. 3.21 (1971). This requirement is not jurisdictional, but rather, prescribes the *qualifications* of petitioner. Allen v. Allen, 397 S.W.2d 99 (Tex. Civ.App.—Amarillo 1965, no writ).

■ Chief Justice Tunks' opinion in the case of Allums v. Allums, 465 S.W.2d 461 (Tex.Civ.App.—Houston (14th Dist.) 1971, writ dism'd) and cases there cited establish that the residence required in Texas as a condition to maintaining a divorce action is an actual, as distinguished from a constructive, residence. "Residence" requires that a person be living and physically present in a particular locality. However temporary absence from the county in which petitioner filed suit does not affect his right to maintain the action. Vinson v. Vinson, 340 S.W.2d 562 (Tex.Civ.App.— Waco 1961, no writ); Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90, 92 (1889); 21 Tex.Jur.2d Domicile sec. 2 (1961).

The marriage between appellee and appellant occurred in Houston, Texas on December 1, 1965. Within the month they left for Venezuela. The parties lived in Venezuela from December of 1965 to December of 1966. Following a stay in Houston the parties moved to Colorado for eight months (February '67 to October of '67) and then went back to Venezuela. In August of 1968 the couple came back to Houston and left for Italy in October of the same year. Appellee left Italy for Houston in August of 1969 while appellant remained until April of 1970. After two months in Houston they left for Venezuela from where they went to New Jersey where they lived until January of 1971 at which time the appellant went back to Venezuela. Appellee rejoined her spouse in Venezuela at the end of the then "current school year". They both came back to Houston for their "vacation" in July of 1971, following which they returned to Venezuela in August or September of 1971.

Appellee separated from appellant in Venezuela and returned to Houston on November 14, 1971. She instituted this suit for divorce on December 16, 1971. The parties never maintained a home of their own in Houston except for a six weeks period in the summer of 1966 when they rented an apartment in Bellaire which they furnished. On their visits to Houston they would normally stay at the home of appellee's parents.

The parties occasionally got mail at the address of appellee's parents, maintained bank accounts in Texas and dealt with a stock broker here. The parties regarded Houston as their "home base" so to speak and intended to return here.

■ Based upon the above recited proof in the record it is entirely possible that appellee was a "domiciliary" of the State of Texas at the time of the filing of the original petition. We do not pass upon this point of error, however, by reason of the fact that we hold as a matter of law under the undisputed evidence that she was not a "resident" of the county in which the suit was filed for the preceding six months period.

It appears from appellant's income tax returns for the years 1969, 1970, and 1971 (introduced by appellee without limitation) that appellant claimed Venezuela to have been his residence since 1957. It is undisputed that appellee was living with her husband and children in Venezuela when she separated from him on November 14, 1971 and returned to Houston. Therefore, she did not have the required residence at the time of filing suit on December 16 of the same year.

We reverse and remand this case rather than dismiss it. Residential qualifications needed for bringing of a divorce action may be met either at the time of filing of the original or an amended petition. Meyer v. Meyer, 361 S.W.2d 935 (Tex. Civ.App.—Austin 1962, writ dism'd). Therefore, had the wife filed an amended petition before the hearing on the merits the trial court could have properly found the six months residence qualification met. Shankles v. Shankles, 445 S.W.2d 803 (Tex.Civ.App.—Waco 1969, no writ). We express no opinion as to whether the "waiting period" required by Article 3.60 of the Family Code has to be met after filing of such amended petition. In the case at bar an amended petition was tendered but not until the conclusion of the evidence. The trial court properly declined to allow the filing of such petition at such time. Appellant and appellee both have maintained active and substantial contacts with this State and with this County in the years before the institution of this suit. A child was born of this marriage in Houston and is presently a resident of this State and County. Personal service was obtained upon the appellant. Since he resides in Venezuela such service might be difficult to obtain in the future. This would create a situation that would not be in the best interest of the child of this marriage. We are presented here with a case which having been reversed should be remanded "in the interest of justice" for a new trial. United States Fire Insurance Company v. Carter, 473 S.W.2d 2 (Tex. Sup.1971); Tex.R.Civ.P. 434.

Reversed and remanded.

## ON MOTION FOR REHEARING

Appellant (although alternatively seeking a remand in his brief) vigorously takes us to task for ordering a remand of this case rather than dismissing it. He claims that we are powerless to remand this case in the interest of justice.

The Supreme Court of Texas in the case of Waggoner v. Herring-Showers Lumber Co., 120 Tex. 605, 40 S.W.2d 1, on page 4 (1931) states:

"Under this (statute) we have held that we will remand rather than render final judgment, where justice will probably be better subserved. Faulkner v. Reed (Tex.Com.App.) 241 S.W. 1002. This rule is followed even in cases where the Supreme Court has power under the facts to reverse and dismiss the case. Faulkner v. Reed, supra; Green v. Rugely, 23 Tex. 539; Zwernerman v. Rosenberg (Tex.Sup.) 11 S.W. 150".

The Court of Civil Appeals has the same authority under Tex.R.Civ.P. 434 that the Supreme Court had under the former statute and has under the present Rule 505. See Morrow v. Shotwell, 477 S.W.2d 538 (Tex.Sup.1972).

The motion for rehearing is overruled.