Peggy Rose SKUBAL, Appellant,

v.

Terry Otis SKUBAL, Appellee.

No. 16230.

Court of Civil Appeals of Texas,
San Antonio.

June 13, 1979.

Rehearing Denied July 11, 1979.

Nick Duncan, Del Rio, for appellant.

William J. Stroman, Del Rio, for appellee.

OPINION

MURRAY, Justice.

This is a divorce case. The trial court,
without a jury, entered judgment granting
Terry Otis Skubal, appellee, a divorce.
Peggy Rose Skubal, appellant, has perfect-
ed her appeal to this court.

Appellant attacks the judgment on
the grounds that there is no evidence and,
in the alternative, insufficient evidence to
support the implied finding that the resi-
dent requirement of Article 3.21 of the Tex-
as Family Code had been met. Article 3.21
requires that the petitioner or the respon-
dent be a resident of the county in which
the suit is filed for ninety days prior to
filing. This requirement is not jurisdiction-
al, but prescribes qualifications that must
be met before the court is authorized to
grant a divorce. *Allen v. Allen,* 397 S.W.2d
99 (Tex.Civ.App.—Amarillo 1965, no writ).

It is undisputed that both appellant and
appellee are domiciliaries of the State of
Texas and have been all of their lives. Ap-
pellee is a member of the United States Air
Force. Before he joined the Air Force, he
resided in Bexar County, Texas. At the
time he filed suit for divorce in Val Verde
County, he had been stationed at Laughlin
Air Force Base in that county for six years.
When he arrived in Val Verde County he
bought a home, but lived in it only a couple
of months before he moved onto the base
with his wife and children. For the past six
years appellee has been working, eating,
sleeping, playing, and voting in Val Verde
County. Three years ago appellee applied
for and was granted a five-year assignment
in Val Verde County. He would like to
spend the rest of his fourteen years in the
Air Force in Val Verde County, but being

in military service, appellee realizes that he could be ordered to serve elsewhere.

This evidence shows that the resident requirement of Article 3.21 has been satisfied. Residence requires that a person be living and physically present in a particular locality, *Wilson v. Wilson,* 494 S.W.2d 609 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ dism'd), but domicile requires that a person live in that locality with the intention of making it a fixed and permanent home. *Schreiner v. Schreiner,* 502 S.W.2d 840 (Tex.Civ.App.—San Antonio 1973, writ dism'd).

The evidence in this case is sufficient to meet the requirement for showing actual residence in Val Verde County for ninety days prior to the filing of appellee's petition.

The case relied on by appellant, *Klingler v. Klingler,* 254 S.W.2d 817 (Tex. Civ.App.—Eastland 1953, no writ), is not in point. In *Klingler,* a soldier from the State of New York filed suit in Texas for divorce and claimed Texas as his domicile. The court held that the evidence failed to show an intention to change domicile from the State of New York to the State of Texas. To establish domicile there must be an intention to establish a permanent home, and mere physical presence in a particular place is not enough. *See* 20 Tex.Jur.2d *Divorce and Separation* § 65 (1960). Nevertheless, Section 3.23 of the Texas Family Code would now permit the district court to grant the soldier in *Klingler* a divorce.

The judgment of the trial court is affirmed.