**Billie Long KNOPS, Appellant,**

v.

**Joseph Dwayne KNOPS, Appellee.**

**No. 04–88–00157–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1988.

On Appellee's Motion for Rehearing
Jan. 25, 1989.

David Greenhaw, Las Vegas, Nev., for appellant.

David R. Weiner, San Antonio, for appellee.

Before BUTTS, CANTU * and CHAPA, JJ.

## OPINION

BUTTS, Justice.

Billie Long Knops appeals the default divorce judgment awarded her husband, Joseph Dwayne Knops. The parties were married in March, 1985, and lived together until they separated in August, 1986. At the time of separation they lived in New Mexico. On August 6, 1987, Billie obtained a decree of legal separation from Joseph. The New Mexico court awarded each of them separate properties and decreed that each party was responsible for debts amounting to $10,553.00. Judgment was awarded against Joseph in the sum of $10,-553.00. Joseph was also found to be in default of payment of temporary support ordered in the legal separation suit in December, 1986 ($500.00 each month). He was found to be delinquent in the sum of $4,000.00 and Billie was awarded a judgment against him for $4,000.00. Judgment was also awarded against him for $1,500.00 for attorney fees.

The question of the validity of the judgment of a sister state and a Texas proceeding against Joseph to enforce the judgment for these sums through the "full faith and credit" clause of the United States Constitution [1] is not before this court.

Billie brings four points on appeal: error occurred when the trial court failed to grant her plea in bar or her plea in abatement; the judgment contravenes the "full faith and credit" clause of the United States Constitution; New Mexico law should have been applied under TEX.R. CIV.P. 184; and her motion for continu-

---

* Justice Antonio G. Cantu, not participating.

1. Although the "full faith and credit" clause does not preclude the present divorce action in Texas by reason of the legal separation decree, the affirmance of the Texas divorce judgment has no effect on the use of that constitutional clause in seeking to enforce a valid sister state final judgment. We make no determination here of that validity.

ance should have been granted. We will treat the four points together.

Billie urges that the Texas divorce court lacked jurisdiction to grant the divorce when a final decree of legal separation had been previously obtained in New Mexico. The record reflects that proper service of process was effected on Billie in the Texas divorce action. In addition, Billie filed her answer, pleading the former decree of legal separation in New Mexico. The file date is December 3, 1987.

Not until December 29, 1987, did Billie file the instruments entitled plea in abatement, motion under Rule 184, plea in bar, and motion for continuance. The record on appeal contains only one order relating to these pretrial pleadings: the order denying the plea in abatement as untimely filed. It was signed by the trial judge on December 30, 1987, the same date that the divorce was granted.

Billie contends the trial court erred in not granting the plea in abatement because of the pendency of a prior suit between the same parties involving the same subject matter. There is no statement of facts in the record.

■ The fundamental distinction between a plea in bar and a plea in abatement is that a plea in bar is calculated to defeat the asserted cause of action altogether and for all time, whereas a plea in abatement merely defeats the present proceeding. *Flowers v. Steelcraft Corp.*, 398 S.W.2d 796, 798 (Tex.Civ.App.—Amarillo 1965), *rev'd on other grounds*, 406 S.W.2d 199 (Tex.1966). Any subsequent suit involving the same parties and the same controversy must be dismissed if the party to that suit calls the second court's attention to the *pendency* of the prior suit by a plea in abatement. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *But see Perusse v. Perusse*, 402 S.W.2d 931 (Tex.Civ.App.—El Paso 1966, writ dism'd) (abatement held not proper although legal separation suit actually pending in another state when divorce action filed in Texas). A cause may be abated only where both actions or causes of actions are the same and ask for the same relief. *Perusse v. Perusse*, 402 S.W. 2d at 933. *Curtis v. Gibbs, supra,* involved only Texas courts, and the first court in that child custody suit had acquired dominant jurisdiction in the case. The supreme court held that the second court had a clear duty to dismiss the second suit. With a fact situation similar to the present one, the court in *Nowell v. Nowell*, 408 S.W.2d 550, 555 (Tex.Civ.App. —Dallas 1966, writ dism'd), *cert. denied,* 389 U.S. 847, 88 S.Ct. 53, 19 L.Ed.2d 116 stated that the trial court of Texas did not abuse its discretion in denying that plea in abatement. In that case the Connecticut court did not have jurisdiction of those parties in an action for divorce. In the present case the New Mexico court did not have jurisdiction of these parties in an action for divorce. Additionally, in this case the plea in abatement was denied as untimely filed. This is a matter within the sound discretion of the trial court. We have been shown no reason to disturb the ruling on appeal.

■ As to the plea in bar which called for dismissal based on the *final* decree of legal separation, we find that the trial court had no obligation to dismiss the Texas divorce action. Billie relies upon the doctrine of res judicata as well as arguing that the divorce judgment is in contravention of the Full Faith and Credit Clause of the United States Constitution. There is nothing in the record to indicate that the trial court heard evidence on the plea in bar. We cannot ascertain the reason for denial of the plea in bar, if it was denied, since the order is not within the record. However, we note the date of filing of this plea to be December 29, 1987—one day before the divorce hearing. If the plea were dismissed as untimely filed, no abuse of discretion has been shown. In addition, if it were dismissed because the final decree of legal separation was no bar to the present divorce proceeding in Texas, that, too, would have been proper.

It is clear that at the time the Texas court heard the divorce proceeding, only the legal separation proceedings had been filed and heard by the New Mexico court. An action for an absolute divorce and one for legal separation are not the same causes of action. Thus, denial of the plea in bar would be proper.

■ In the same instrument with her plea in abatement, Billie filed her motion for the trial court to take judicial notice under TEX.R.CIV.P. 184 (see TEX.R.CIV. EVID. 202) of "the common law, public statutes and court decisions of the state of New Mexico." This is a broad, general request which fails to apprise the trial court of the particular laws relied upon and to provide sufficient information to enable the court to properly comply with the request. *See Lincoln Bank & Trust Co. v. Webb*, 620 S.W.2d 174, 177 (Tex.Civ.App.— San Antonio 1981, no writ).

■ Moreover, the order denying the plea in abatement does not mention this motion to take judicial notice. There is no ruling of the trial court. Nothing is preserved for review. TEX.R.APP.P. 52(a).

■ In further argument Billie contends the trial court abused its discretion in not granting a continuance. TEX.R.CIV.P. 253. However, the record does not reflect a ruling on the motion by the trial court. Nothing is preserved for review. TEX.R. APP.P. 52(a).

■ If we assume the trial court denied the continuance, that ruling will not be disturbed on appeal unless there has been a showing of abuse of discretion. Billie admits receiving notice of the divorce setting. However, counsel for Billie based the motion on his scheduled visit in another city on the trial date. Even if the ruling appeared in the record, no showing of abuse of discretion has been made.

The four points of error are overruled.

■ Although Billie's answer to the divorce petition sets out the specific details of the New Mexico court order, including the court, the number of the case, and the name of the trial judge, and includes the fact of a judgment against Joseph for the sums of $10,553.00, a judgment against Joseph for delinquent support in the sum of $4,000.00, and a judgment against Joseph in the sum of $1,500.00, this trial court ignored the alleged fact of these money judgments and ordered the following in the Texas divorce:

It is further ordered and decreed that Petitioner and

Respondent are discharged from all further liabilities and obligations imposed by the temporary order of any Court, including, but not limited to those temporary orders or *final Decree of Separation in Cause Number DR 86–171, in the District Court, Twelfth Judicial District, Lincoln County, New Mexico rendered on the 6th day of August, 1987.*

It is our holding that the trial court exceeded its authority by the noted order which purports to set aside the New Mexico final money judgments against Joseph in this Texas divorce proceeding. The second point of error, although inartfully drawn, calls this reviewing court's attention to this matter. Accordingly, the judgment is reformed to delete the referenced paragraph.

The judgment is affirmed as modified.

## ON APPELLEE'S MOTION FOR RE-HEARING

Appellee requests this court to clarify our holding regarding the New Mexico final money judgments against appellee. It is our intention that the reformation of the divorce judgment affects only the final money judgments of New Mexico.

Accordingly, the judgment is reformed to delete only the trial court's order setting aside the final money judgments of New Mexico.

To the extent of that clarification, the motion for rehearing is granted. The judgment is affirmed as modified.