Frederick Paul Koeckritz v. Laurie Rae Koeckritz















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-217-CV

     FREDERICK PAUL KOECKRITZ,
                                                                              Appellant
     v.

     LAURIE RAE KOECKRITZ,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 98-147-B
                                                                                                                

O P I N I O N
                                                                                                                
       
      Appellant Frederick Koeckritz appeals from an order of the trial court dismissing his divorce
suit.
      Appellant, an inmate of the Teague Unit of the Texas Department of Criminal Justice, on
April 24, 1998, filed, pro se in forma pauperis, a petition for divorce against his wife who resides
in Jim Wells County. Appellant alleged he had lived in Texas the preceding six months and had
been " a resident of Freestone County for the preceding 90 days."
      On April 28, 1998, the trial court entered the following order:
It having been brought to the attention of the court that the above cause has been filed by
a person incarcerated in the county in which this case is pending, it is ordered that the
following questions be answered by the petitioner under oath:
 
            (1)  State the date you were first incarcerated in this county: 
                        Answer:      September 3, 1997.
 
            (2)  Prior to incarceration in this county, give your home address and the periods you
resided there:
                        Answer:      Corpus Christi, Texas, September 1993.
 
            (3)  State the address of any residence you've ever had in this county prior to your
incarceration here and the dates you resided there:
                        Answer:      None.
 
            (4)  After your release where do you intend to reside:
                        Answer:      Corpus Christi, Texas.

      Thereafter, on May 29, 1998, the trial court entered an order as follows:
 
The petition in the above cause having been brought to the attention of the court and it
appearing to the court from said petition and sworn answers attached hereto, that
petitioner is involuntarily in the above county as a result of incarceration within a unit of
the Texas Department of Criminal Justice, the court finds petitioner is not a resident of
the county; therefore it is ordered that this cause be and same is dismissed.

      Appellant appeals contending that he was a resident of Freestone County for 90 days
preceding the filing of his petition, and that the court's action in dismissing his case denies him
due process and equal protection as guaranteed by the Fourteenth Amendment and Fifth
Amendment of the United States Constitution.
      Section 6.301 of the Texas Family Code provides:
General Residency Rule for Divorce Suit. A suit for divorce may not be maintained in
this state unless at the time the suit is filed either the petitioner or respondent has been:
 
            (1)  a domiciliary of this state for the preceding six months period; and
            (2)  a resident of the county in which suit is filed for the preceding 90 day
period.

      This court has considered the requirements of the above sections of the Family Code on two
occasions. In Beavers v. Beavers, 543 S.W.2d 720, 721 (Tex. App.—Waco 1976, no writ) this
court held:
In its pertinent part, Family Code § 3.21 [now § 6.301] provides: No suit for divorce
may be maintained unless at the time suit is filed the petitioner or the respondent has been
. . . a resident of the county in which suit is filed for the preceding 90 day period. A
mere constructive residence will not satisfy this statute. It requires and actual, physical,
continuous living in the county of suit by one of the parties for the period specified,
coupled with a good faith intent to make that county home. Wilson v. Wilson, 494
S.W.2d 609, 611 (Tex. App.—Houston [14th Dist.] 1973, writ denied); Struble v.
Struble, 177 S.W.2d 279, 285 (Tex. App.—Amarillo 1943, no writ). Of course the
continuity of residence is not broken by temporary absence from the county.

      Such holding was re-stated by this court in Cook v. Mayfield, 886 S.W.2d 840, 841 (Tex.
App.—Waco 1994, no writ).
      Appellant stated in his sworn statement that he had resided in Corpus Christi prior to his
incarceration in Freestone County in 1997; and that after his release he intends to reside in Corpus
Christi. He has no intention to make his residence in Freestone County after his release from
prison, where he is temporarily living while absent from his home in Corpus Christi. His
intentions are to reside again in Corpus Christi after his release.
      The trial court did not err in dismissing Appellant's divorce petition. Appellant's contentions
are overruled.
      The judgment of the trial court is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 20, 1999
Do not publish