## WITT v. WITT.
No. 14868.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 24, 1947.

 

Callaway, Wade & Davis, of Fort Worth, for appellant.

McNees & McNees, of Dallas, for appellee.

SPEER, Justice.

Plaintiff, Mrs. Elderleen Moore Witt, sued defendant, Major William Henderson Witt, for divorce in the District Court of Tarrant County, Texas. She prayed for certain ancillary relief, including injunction, and in this connection made the Fort Worth National Bank a party defendant.

No trial has been had on the merits in this case, but this appeal is prosecuted by defendant from certain interlocutory orders entered by the court; hence, it will be unnecessary for us to refer to more than certain parts of the respective pleadings of the parties.

Plaintiff relies for her residential qualifications upon assertions that she and the defendant were married in Wharton County, Texas, in April, 1942, and that on that date she and the defendant were inhabitants of the State of Texas; that defendant was then in the armed military forces of the United States Government and that his legal residence was in Tarrant County, Texas, he having never voluntarily changed his said place of residence after entering the military service; that thereafter the Government transferred him from one post to another and that plaintiff accompanied him as his wife and kept and maintained his living quarters at all times; that a female child was born during said marital relation and is now about four years old; that defendant's said residence having been kept and maintained by him in Tarrant County, Texas, at all times since their said marriage, and plaintiff being his wife during all of said period of time, she, too, has "therefore been for a period of twelve months an actual bona fide inhabitant of the State of Texas and has resided in said County of Tarrant for six months next preceding the filing of this suit."

Allegations are made of cruel treatment and separation of the parties in May, 1947. There were allegations of community property, some of which consists of money on deposit in the Fort Worth National Bank; that defendant was checking said funds out of that Bank and into banks outside of the State of Texas; that plaintiff and her said child are destitute and have no income from any source.

Prayer was to require the defendant to file an inventory and appraisement of the community property, for an injunction restraining the defendant from checking any funds out of the Fort Worth National Bank, and to enjoin said Bank from paying any such checks until the further orders of the court; for monthly alimony pending said suit and finally for a division of the community property, award of the custody to her of the child, provision for its future maintenance, with a decree of divorce and attorney's fees for prosecuting this suit.

The trial court entered his ex parte fiat upon said petition, granting the temporary restraining orders against the defendant, Major Witt, and the Fort Worth National Bank, ordering notice to both defendants to appear on May 30, 1947 and show cause, if any they had, why such temporary restraining order should not be made a temporary injunction at said hearing.

On May 30, 1947, the date set for said hearing, defendant Witt filed in said cause, in the order named, his two special pleas. They were: (1) a plea to the jurisdiction of the court to hear and determine the charges made in plaintiff's petition, and (2) a plea in abatement, filed subject to and without waiving his plea to the jurisdiction. In connection with his plea to the jurisdiction and plea in abatement, he alleged as grounds for each, in substance, that the court had no jurisdiction and that the suit should abate for the reasons that at the time of exhibiting her petition herein that plaintiff had not been an "actual bona fide inhabitant of the State of Texas for a period of twelve months and is not now a resident of Tarrant County, Texas and

was not a resident of said County at the time of filing said suit, and had not at the time of exhibiting her petition herein resided in Tarrant County, Texas for six months next preceding the filing and exhibiting of her said petition herein."

At a hearing upon the issues thus made, defendant properly assumed the burden of proving his allegations contained in the pleas to the jurisdiction and in abatement, and at said hearing there was evidence substantially as alleged by plaintiff in her petition with reference to her residential qualifications; that there were funds deposited in the Fort Worth National Bank in the name of defendant; that he had been checking against said account and that the Bank had been paying said checks; that defendant's income was approximately $475 per month; and that she had no funds and no income and was in need of maintenance for herself and child.

The court entered his order overruling defendant's pleas to the jurisdiction and in abatement; made the former temporary restraining order a temporary injunction; awarded alimony to plaintiff against defendant for $100 per month pending the suit and further orders of the court; and ordered defendant to file with the court a sworn inventory and appraisement of the community property between himself and plaintiff.

To this judgment, order and decree, the defendant objected and excepted, gave notice of and has perfected this appeal.

Defendant predicates this appeal upon four points of error. Three of these points are recitations of purported established facts relating to plaintiff's residential qualifications and each concludes with the expression, "Therefore, appellant's (defendant's) pleas to the jurisdiction and in abatement should have been sustained." The fourth point is only slightly different from the preceding three points, and is predicated upon what is claimed to be a failure to show residential qualifications by plaintiff, and concludes that the court "should have sustained appellant's (defendant's) pleas to the jurisdiction and in abatement and denied and overruled appellee's (plaintiff's) application for injunction and alimony."

As above indicated, no trial has been had in this case on its merits and it is obvious that the orders and decrees entered by the court, and of which the defendant complains are each and all interlocutory in their nature. Neither of said orders nor all combined has or have the effect of disposing of the issues involved in the divorce suit. 3 Tex.Jur. 126, Sec. 62, lays down the settled rule with reference to interlocutory judgments in this language: "An interlocutory judgment or order is one made during the pendency of an action which does not dispose of the case but leaves it for further action by the court in order to settle and determine the entire controversy."

The general rule in this state seems to be settled that appeals lie only from such interlocutory orders as are specially made appealable by statute. 3 Tex. Jur. 125, Sec. 61. An order overruling a plea in abatement and refusing to dismiss a cause in response to such plea is an interlocutory order. 3 Tex.Jur. 134, Sec. 69; Kelley v. Barnhill, Tex.Sup., 188 S.W.2d 385. But of course if the court were to sustain the plea of jurisdiction or the plea in abatement, resulting in a dismissal of plaintiff's case, such an order would be final and would not be controlled by the rule which permits appeals from interlocutory orders only by statutory provision. 3 Tex. Jur. 135, Sec. 70.

Article 4637, Vernon's Ann.Civ.St., provides that in cases where the wife has not a sufficient income for her maintenance during the pendency of the suit for divorce, the judge may allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case. The order of the court allowing alimony in this case is specially authorized by the statute last above referred to and is clearly an interlocutory order, effective only until the case is disposed of on its merits.

It has been held many times that under the provisions of Article 4636, Vernon's Ann.Civ.St., which provides for temporary orders respecting the property of the parties pending a divorce suit, a writ of in-

junction may be issued by the trial court when equitable grounds therefor exist.

Article 4662, Vernon's Ann.Civ.St., provides for an appeal from the issuance or refusal to issue a temporary writ of injunction and the procedural provisions thereunder are to be found in that article and in Rule 385, Texas Rules of Civil Procedure. See also 15 Tex.Jur. 628, Sec. 138.

We find no provision of law for appeal by a complaining party from an interlocutory order overruling a plea to the jurisdiction, a plea in abatement nor an order fixing·alimony in a divorce case; but, as above stated, the order granting the temporary writ of injunction is appealable. The judgment of the trial court embraces all of these orders.

Apparently, defendant has based his contention for reversal in this case upon the court's order overruling his plea to the jurisdiction and his plea in abatement. We repeat, neither of these orders is appealable.

It is only by virtue of the fact that the judgment entered contained the order for temporary injunction that gives semblance to the right of appeal from that judgment.

Both sides in this case have elaborately briefed the issue of whether or not the court erred in overruling the plea to the jurisdiction and the plea in abatement. The defendant vigorously attacks the court's holding, and the plaintiff insists with much earnestness that the orders were correct. The parties throughout their briefs urge upon us to determine the validity of the court's orders in these respects. As above indicated, such orders as were entered in this case (save the one ordering the temporary injunction), being interlocutory and there being no provision for appeal therefrom, are not within the appellate jurisdiction of this court. Our jurisdiction may not be conferred nor enlarged by common consent of the litigating parties. This rule is announced in 11 Tex. Jur. 719, Sec. 12, in this language: "An appellate court, also, cannot be given jurisdiction by a mere agreement of the parties; its jurisdiction is defined by the written law and cases not brought within its power of revision will not be considered."

We know of no rule of law which would authorize the tacking of interlocutory orders from which no appeal lies to those in the same case from which an appeal will lie, and thus authorize the appellate court to review orders from which no appeal lies. Zanes v. Mercantile Bank & Trust Co. of Texas, Tex.Civ.App., 49 S.W.2d 922, writ of error refused.

We have already pointed out that the temporary injunction may be granted in a divorce case where equitable grounds exist for it, and it is the settled rule of law in this State that in such cases as this the issuance of the temporary writ of injunction upon equitable grounds rests within the sound judicial discretion of the trial court, and unless an abuse of that discretion is shown on appeal, his acts will not be disturbed. Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642.

In view of the testimony disclosing the presence of funds in the Fort Worth National Bank, which may or may not constitute community property, and the admitted fact that defendant has recently been drawing checks on said fund and the Fort Worth bank has been honoring those checks, we see no abuse of discretion on the part of the trial court in the issuance of the temporary writ of injunction, which has the effect to keep said funds within the jurisdiction of the court until such time as the court can determine the ownership thereof and whether or not same should be partitioned.

The injunctive order in this case being the only order of which this court has jurisdiction, we pretermit an expression of opinion in any respect with reference to the merits of either of the other interlocutory orders made by the court, since they are not appealable and therefore not before us. In so far as an attempt is made to appeal from the interlocutory orders overruling the plea to the jurisdiction and the plea in abatement and the order for alimony are concerned, when no appeal lies to this court therefrom, such purported appeal to that extent is dismissed.

Referable to the appeal based upon the point of error complaining of the issuance of the temporary writ of injunction, the point is overruled and the judgment of the trial court in this respect should be and is affirmed.