## MURRAY v. MURRAY.
### No. 4633.

Court of Civil Appeals of Texas. El Paso.
Feb. 2, 1949.

On the Merits April 27, 1949.

William C. McDonald, San Angelo, for appellant.

W. A. Hadden, Ft. Stockton, for appellee.

PER CURIAM.

The judgment from which appellant has perfected an appeal overruled the defendant's plea in abatement, set the cause for trial upon its merits for May 31, 1949, continued the temporary restraining order theretofore granted, and ordered the defendant to pay into the registry of the court

$50 per month for the support of his minor children, to be paid by the Clerk to plaintiff.

That portion of the judgment which overruled defendant's plea in abatement is not appealable. Witt v. Witt, Tex. Civ.App., 205 S.W.2d 612. Nor do we find any statutory authority authorizing an appeal from those portions of the judgment which set the cause for trial upon its merits for the 31st of May, 1949, and which ordered the defendant to pay $50 per month into the registry of the court for the support of his minor children. We are therefore of the opinion that those portions of the judgment are not appealable.

We construe that portion of the judgment which continues in force the temporary restraining order theretofore granted as a temporary injunction from which an appeal is authorized by art. 4662, Vernon's Ann.Civ.St. and Rule 385, Texas Rules of Civil Procedure (Witt v. Witt, supra).

Appellee's motion to dismiss the appeal is therefore granted insofar as appellant attempts to appeal from that portion of the judgment overruling the defendant's plea in abatement, setting the cause for trial on its merits for the 31st of May, 1949, and ordering the defendant to pay into the registry of the court $50 per month for the support of his minor children. Insofar as appellee seeks to dismiss the appeal from that portion of the judgment which continues in force the temporary restraining order theretofore granted, the motion is overruled.

On the Merits.

SUTTON, Justice.

This appeal, as it now stands on the docket of this Court, is from an order of the 112th District Court of Pecos County, granting to the plaintiff a temporary injunction restraining the defendant:

From doing bodily harm to the plaintiff or the minor children of plaintiff and defendant, and from annoying, molesting, coming near or talking to plaintiff; from taking the minor children away from plaintiff and from molesting and abusing them, or having any conversation with them; from going into or near the house in which plaintiff and the children live, or in any way depriving plaintiff of the possession of the children.

The order is ancillary to a suit for divorce brought by Gladys Murray against W. G. Murray, Jr., pending in the 112th District Court.

The point made by the defendant, appellant here, is the Court was without power to grant the temporary injunction because the plaintiff did not possess the necessary qualifications to maintain the suit for divorce in Pecos County because she had resided there less than six months before filing the suit for divorce.

On request the trial court filed findings of fact and conclusions of law. The hearing on the petition for the temporary injunction was had on December 31, 1948 and the order was made on the same date. The petition for divorce was filed October 30, 1948, and the trial court found the plaintiff had resided in Pecos County six months prior to the filing thereof. Defendant's position in this finding is not supported by any evidence and is contrary to the undisputed proof in the record.

The parties to this litigation have been married twice to each other and there was a child born during the time of each marriage. They were married the last time in San Angelo, Texas, on July 21, 1946. On the hearing plaintiff testified she was living in Upton County in July 1946, and had started to New York, where the defendant lived, on a visit with the baby, but found the defendant in San Angelo with his mother; that they were married there and continued to stay with his mother for a week or two. From the date of the last marriage until the latter part of August 1948, when plaintiff left the defendant, the family lived rather nomadically. It is somewhat difficult to determine from the testimony exactly what the domicile of the family had been, if any in particular had been established. Shortly after their marriage they went to Todd Field, thence to Irion County, Texas, and

then to Hockley County. It is the contention of defendant the family moved to Hockley County with the intention of making that county their home and residence and that such county was their home and domicile until the latter part of August, 1946, when plaintiff left and returned to Pecos County. Plaintiff's testimony is they did go to Hockley County with the intention of living there, provided they could lease or rent a farm from defendant's uncle; that the uncle released or let it to a party who had been farming the place theretofore and they were left with no alternative but to return to Pecos County. She testified they were stranded there without funds, as they had been on prior occasions when they were assisted by his mother, and the defendant had secured employment on a fence building job with the view of accumulating funds with which to return to Pecos County. There was testimony this family had lived with plaintiff's mother in Pecos County during the second marriage and that they had had belongings there, and it was asserted by plaintiff they had never had any fixed place of residence other than Pecos County.

Under the record made in this case, we are unable to say, as defendant does and asks us to find, the finding of the trial court plaintiff had resided in Pecos County for six months next preceding the filing of her petition for divorce is wholly without support in the evidence, and contrary to the undisputed facts. On the contrary, it is our opinion the evidence is susceptible to the construction placed upon it by the trial court and evidence to support the finding.

The defendant suggests it is significant the trial court in the order made on the injunction December 31, 1948, set this case for trial May 31, 1949, thereby passing it over the January, 1949, term of the court. There is no explanation made of this setting in the record and this Court may not speculate thereon.

We take it as conceded if the finding of the court on the issue of residence has support in the record then there is no question but that he had the right and power to make the order made. Therefore, on the basis of the conclusions hereinbefore reached, we are of the opinion reversible error has not been demonstrated and the judgment of the trial court is accordingly affirmed.

PRICE, Chief Justice, and McGILL, Justice.

We concur in the disposition made in this case on the grounds stated in the case of Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612.