Ronald C. HOLMES, Appellant,

v.

Bonnie B. HOLMES, Appellee.

No. 13137.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1957.

Rehearing Denied May 8, 1957.

Arthur Mitchell, Austin, for appellant.

Jarmon & Spann, Corpus Christi, for appellee.

POPE, Justice.

This is an appeal from temporary orders ancillary to a contested divorce suit. Ronald C. Holmes, the defendant in the divorce action, has appealed on the points that the court erred in overruling his plea in abatement, his plea of res judicata, and his plea to the jurisdiction of the court.

Bonnie B. Holmes filed suit in Nueces County on August 9, 1956, and the court on that date commanded the husband to appear and show cause why he should not return the five-year-old daughter to the custody of the mother, why he should not be ordered to pay child support and alimony pendente lite, and why he should not be enjoined from molesting or harming the mother. The temporary injunction and related matters were heard on August 22, 1956. The trial court ordered the husband to return the child to the wife, awarded custody of both their minor children to the wife pending the suit, and reset the matter of support and alimony for a later date. It is from that order that the husband has appealed.

The substance of the husband's plea in abatement and plea of res judicata is that the wife, during January, 1956, filed a divorce action in Travis County. In the contest which followed, she was denied a divorce on June 21, by decree of the 126th Judicial District Court. That prior decree

is the foundation of the husband's claim that the divorce action filed in August of 1956, in Nueces County should be abated. The record reflects that the court gave full consideration to the several pleas made by the husband. Appellant makes some contention that he understood the hearing was only concerned with the matter of the wife's domicile in Nueces County. The record fails to support that view. He was served with the petition and the fiat. He had notice and he appeared and fully answered his wife's pleadings. He developed his contentions on each of the pleas and the record reflects that the court fully considered his pleas. The hearing was not limited, as the husband contends.

 The husband's plea in abatement and the plea of res judicata were prematurely urged at the hearing for temporary orders, rather than at the trial upon the merits. He has endeavored to try and terminate the case on the merits at the hearing for the temporary orders. Article 4662, Vernon's Ann.Civ.St., grants the husband the right of appeal with respect to the temporary injunctive features of the case, but not to the other interlocutory orders. The appeal on the temporary injunction in no way carried with it a right for the husband to appeal with respect to his plea in abatement and the plea of res judicata by reason of an earlier divorce action. Hastings Oil Co. v. Texas Co., 149 Tex. 416, 234 S.W.2d 389; Janelli v. Bond, 148 Tex. 416, 225 S.W.2d 824; Murray v. Murray, Tex. Civ.App., 224 S.W.2d 350; Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612; Wilson v. Amann & Jordan, Tex.Civ.App., 163 S.W.2d 660; 3A Tex.Jur., Appeal and Error Civil Cases, § 91.

 By another point the husband challenged his wife's residence qualifications. The court overruled the point. We regard the residence qualifications as a matter to be heard on the trial of the merits. The order overruling the point is a non-appealable interlocutory order. Murray v. Murray, Tex.Civ.App., 224 S.W.2d 350; Witt v. Witt, Tex.Civ.App., 205 S.W.2d 612.

The orders of the trial court are affirmed.