**HIGHLAND PARK SUBDIVISION RESIDENTS, Appellants,**

v.

**CENTRAL EDUCATION AGENCY, a/k/a Texas Education Agency, et al., Appellees.**

No. 3–88–269–CV.

Court of Appeals of Texas, Austin.

Aug. 9, 1989.

Rehearing Denied Sept. 13, 1989.

---

Maurice D. Healy, Nacogdoches, for appellants.

Wayne D. Haglund, John Baum, Cassels, Haglund & Clark, Lufkin, Jim Mattox, Atty. Gen., and Anne Swenson, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

## ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion of the Court in this cause handed down on June 28, 1989, is withdrawn and the following opinion is substituted therefor.

Appellants, residents of Highland Park Subdivision, seek to set aside the judgment of the district court of Travis County. By its judgment, the district court dismissed appellants' suit which complained of the order of the Commissioner of Education. This Court will reverse the judgment of the district court.

This appeal concerns appellants' efforts to detach territory in their subdivision from the Central Heights Independent School District and to annex it to the Nacogdoches Independent School District. The Nacogdoches Independent School Board acted favorably on appellants' request, but the Nacogdoches County Commissioners Court denied appellants' petition. In denying appellants' petition, the Commissioners Court failed to file formal findings regarding the "social, economic, and educational effects of the proposed boundary change" as contemplated by Tex.Educ.Code Ann. § 19.022(g) (Supp.1989).

Appellants took an appeal from the Nacogdoches Commissioners' denial order to the Commissioner of Education. After hearing, the Commissioner rendered his order dismissing appellants' appeal "for lack of jurisdiction." The Commissioner's reasoning is set out in his order:

> The failure of the Nacogdoches County Commissioners Court to make and record findings as to the social, economic, and educational effects does not comply with the requirements of Tex.Educ.Code § 19.022(g). This failure renders the Court's order voidable on appeal.
>
> \* \* \* \* \* \*
>
> Once the order is voided, there is no effective order from which to appeal, and the Commissioner of Education cannot render a decision as to whether the detachment and annexation should or should not have been effected. The appeal on the merits must therefore be dismissed for want of jurisdiction.
>
> The effect of this dismissal is to return the parties to the situation that existed before the Commissioners Court's hearing on May 15, 1986. Nothing in this Decision prevents Respondent's [sic] from submitting a new petition to the Commissioners Court seeking a similar order based on properly made and recorded findings.

Appellants filed suit in district court asserting the obvious:

> [E]very successful appeal includes the setting aside [of] a voidable order. The simple fact that the lower tribunal [the Commissioners Court] erred with respect to how it arrived at a decision cannot deprive the higher tribunal [Commissioner of Education] of jurisdiction.

Central Heights responded with what it termed a "Plea in Abatement" which pointed out that the Commissioner of Education had not passed upon the merits of appellants' petition. Central Heights prayed that the administrative appeal "be abated so that [appellants] may exhaust [their] administrative appeal remedies."

■ The district court, however, considered Central Heights' plea in abatement as one to the jurisdiction and concluded that it had

> no jurisdiction to consider the appeal from the ruling of the [Commissioner of

Education] filed by [appellants] for the reason that there has been no final ruling on the merits of the Case by the Commissioner of Education which could be reviewed by this Court. The Court further finds that there is no issue before the District Court because there has been no determination on the merits of this case, but rather the Commissioner of Education has dismissed the case for want of jurisdiction, without ever reaching the merits of the case. The Court finds that [appellants] have failed to exhaust their administrative remedies.

The district court then dismissed appellants' administrative appeal. In so doing, the district court erred.

The Commissioner's order of dismissal for lack of jurisdiction left nothing more to be done at the agency level. The order put the parties out of the agency and ended the controversy as effectually as a judgment on the merits. Indeed, unless appellants wished to abide by the Commissioner's order, their only recourse was to take an administrative appeal to district court. This Court has no difficulty in concluding that the Commissioner's order of dismissal was final and subject to review by the district court of Travis County. *See Nelson v. Blanco Indep. School Dist.*, 390 S.W.2d 361, 366 (Tex.Civ.App.1965, writ ref'd. n.r.e.); *Witt v. Witt*, 205 S.W.2d 612, 614 (Tex.Civ.App.1947, no writ). The district court had jurisdiction to hear and determine whether the Commissioner erred by not entertaining appellants' appeal.

■ Referring now to the agency order, this Court readily concludes that the Commissioner had jurisdiction to hear appellants' petition. Upon hearing, the Commissioner may determine that the Commissioners' Court erred when it failed to make the findings required by Tex.Educ.Code § 19.022(g), *i.e.*, findings as to the social, economic, and educational effects of the proposed boundary change. It is plain, however, that such claimed error did not somehow deprive the Commissioner of Education of the power to assume jurisdiction and entertain appellants' petition.[1] If the Commissioner determines that, indeed, the Commissioners Court erred in failing to comply with § 19.022(g), he is empowered to remand the matter to the Commissioners court. *See Central Education Agency v. Upshur County Commissioners Court*, 731 S.W.2d 559 (Tex.1987).

This Court reverses the judgment of the district court and here renders the judgment that the district court should have rendered. Tex.R.App.P.Ann. 80(b)(3) (Pamp.1989). The order of the Commissioner of Education is set aside, and the cause is remanded to the Commissioner of Education with instructions to assume jurisdiction and entertain appellants' appeal.

**Reversed and Rendered.**

■

---

1. The Commissioner of Education reached the opposite conclusion by starting with the premise that all statutory provisions must be complied with in order to maintain a statutory action. For this proposition the Commissioner relied upon *Texas Catastrophe Property Insurance Association v. Council of Co–Owners of Saida II Towers Condominium Association*, 706 S.W.2d 644 (Tex.1986). In *Saida*, an action under an insurance statute, the plaintiffs' suit was dismissed. Because annexation suits are statutory, the Commissioner concluded this suit must also be dismissed since the statute was not complied with.

The Commissioner's analysis misses an important distinction. Reading further in *Saida*, one comes to the Supreme Court's conclusion: "[w]e therefore hold that, in seeking to enforce rights to such statutory insurance benefits, the *insured* must comply" with the statutes. 706 S.W.2d at 646 (emphasis added). The true import of this opinion is the familiar premise that a litigant's mistakes may prevent him from successfully prosecuting his claim.

The instant suit is distinguishable. It does not involve an error by the litigants. The claimed error is that of the Commissioners' Court. *Saida* in no way supports the conclusion that an error by the *tribunal* will prevent the litigants from pressing their claims.