COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH

NO. 2-01-006-CV

SHELL CORTEZ PIPELINE COMPANY,                                     APPELLANTS
SHELL CO2 COMPANY, LTD. N/K/A
KINDER MORGAN CO2 COMPANY,
L.P., SHELL OIL COMPANY, SHELL
WESTERN E & P INC., SWEPI LP,
MOBIL OIL CORPORATION, MOBIL
PRODUCING TEXAS & NEW MEXICO,
INC., AND MOBIL CORTEZ PIPELINE, INC.

V.

GARY H. SHORES, JOHN W. BARFIELD,                                   APPELLEES
AND FRANK GIBSON, IN THEIR
REPRESENTATIVE CAPACITIES AS CO-
TRUSTEES OF THE ALICIA L. BOWDLE
TRUST, WILLIAM G. KEMP AND MARIE J.
BENCH, IN THEIR REPRESENTATIVE
CAPACITIES AS CO-TRUSTEES OF THE
BERNARD M. BENCH FAMILY TRUST,
BONNIE LYNN WHITEIS, INDIVIDUALLY,
WILLIAM C. ARMOR, JR., INDIVIDUALLY,
AND GARY H. SHORES, IN HIS
REPRESENTATIVE CAPACITY AS
ADMINISTRATOR WITH WILL ANNEXED
OF THE ESTATE OF MARGARET BRIDWELL
BOWDLE, DECEASED

----------
FROM 
PROBATE COURT OF DENTON COUNTY
----------
OPINION
----------
I. Introduction
        Two 
groups of Appellants, the Mobil defendants [1] 
(collectively referred to as “Mobil”) and the Shell defendants [2] (collectively referred to as “Shell”) bring 
interlocutory appeals from a class certification order entered by the statutory 
probate court of Denton County. See Tex. Civ. Prac. & Rem. Code Ann. § 
51.014 (Vernon Supp. 2004). The probate court certified a 
nationwide class of current and former overriding royalty owners in the McElmo 
Dome Unit, located in Colorado, and their claims for breach of contract, 
declaratory judgment, breach of agency duty to market, breach of the duty of 
good faith and fair dealing, action on account, and conspiracy against Shell and 
Mobil stemming from the alleged underpayment of carbon dioxide royalties since 
1982. The primary issue we address in this appeal is whether the probate court 
has subject matter jurisdiction. Because we hold that the statutory probate 
court in this instance does not have subject matter jurisdiction over the class 
claims at issue here, we vacate the trial court’s class certification order 
and dismiss the case.
 
II. Factual 
Background
        In 
the early 1980s, Shell and Mobil possessed extensive interests in oil fields in 
West Texas in the Permian Basin. Shell and Mobil decided to maximize the oil 
output of these fields by flooding them with carbon dioxide. To this end, Shell 
and Mobil set about obtaining carbon dioxide from the nearby McElmo Dome CO2 
formation in Colorado. Shell and Mobil drafted and executed a Unit Agreement for 
the development and operation of the McElmo Dome (Leadville) Unit. This 
Agreement designated Shell as the Unit Operator. Shell and Mobil agreed to 
jointly build and operate a pipeline to transport the carbon dioxide from the 
McElmo Dome Unit to the West Texas oil fields.
        Before 
the Colorado Oil and Gas Conservation Commission would approve formation of the 
Unit, Shell and Mobil were required to obtain the consent and approval of 
requisite percentages of the working interests in the Dome and also of the 
royalty owners and overriding royalty owners. To accomplish this, Shell, with 
the approval of Mobil, prepared and sent all overriding and royalty owners a 
solicitation package. The solicitation package contained information indicating 
that the working interest owners would pay all installation and operating costs 
of the “program” and that there would be no costs to royalty owners. The 
package also indicated that the royalty owners would not “have to pay for the 
pipeline, transportation or injection of CO2.”
        Appellees 
allege that since 1982, Shell and Mobil have deducted tens of millions of 
dollars in transportation charges in calculating and paying royalties to the 
royalty owners of the McElmo Dome Unit. Moreover, Appellees allege that Shell 
and Mobil concealed from royalty owners the deduction of the carbon dioxide 
transportation charges by deducting them off-the-top and showing on the monthly 
statements mailed to the royalty owners a “gross price” received for the CO2 
that was in fact a gross price minus transportation costs. Appellees also 
contend that at times the transportation costs charged back to royalty owners by 
Shell and Mobil exceeded the price Shell and Mobil sold the carbon dioxide for, 
resulting in a “negative netback” to royalty owners. 
III. Other Appeals & 
Proceedings
        Previously 
in this same litigation, Shell, Mobil, and other defendants perfected 
interlocutory appeals pursuant to civil practice and remedies code section 
15.003(c) challenging the probate court’s order denying their motions to 
transfer venue to Harris County. Tex. Civ. 
Prac. & Rem. Code Ann. § 15.003(c). We held that three of the four 
named plaintiffs in the underlying lawsuit, the Bench Family Trust, Bonnie Lynn 
Whiteis, and William C. Armor, Jr., could not independently establish proper 
venue in Denton County, that the probate court therefore necessarily determined 
the joinder issue, and that the these three plaintiffs failed to establish 
section 15.003(a)’s four joinder requirements. Consequently, we reversed the 
trial court’s order denying Shell’s and Mobil’s motions to transfer venue 
as to these three plaintiffs and ordered their claims transferred to Harris 
County. See id. The parties filed motions for rehearing of this 
decision, and Appellees also filed a motion for en banc rehearing. As of the 
date of the issuance of this opinion, the motions for rehearing remain pending 
before this court.
        In 
addition to the joinder appeal, three mandamus proceedings have been filed in 
this litigation. Two of the original proceedings were consolidated with the 
joinder appeal and denied. We also denied the third mandamus, but the supreme 
court conditionally granted the writ. In re SWEPI, 85 S.W.3d 800 (Tex. 
2002) (orig. proceeding). Additionally, a second class certification appeal has 
been filed with this court, Mobil v. 
First State Bank of Denton, No. 2-02-119-CV. As of the date of 
the issuance of this opinion, that appeal has not yet been submitted in this 
court. We abated all of these cases on the joint motion of the parties pending 
settlement negotiations, but at the parties’ request, they have been 
reinstated.
IV. 
The Class Certification Hearing and Order
        The 
trial court conducted a four-day evidentiary hearing on Appellees’ motion for 
class certification and admitted and considered over 430 exhibits. Ultimately, 
the trial court certified the following class “under Rule 42(a) and 42(b)(1), 
(b)(2), (b)(3), and (b)(4):”
All non-governmental owners of 
overriding royalty interests from August 24, 1982 to the commencement of the 
class certification hearing herein under mineral leases granted to one or more 
of the Mobil Defendants and Shell Defendants, or their predecessors-in-interest, 
in any property that became unitized by virtue of the McElmo Dome Unit 
Agreement.

The trial court specifically excluded 
the following from the “Plaintiff Class:”
(a) all Defendants and their 
affiliates; (b) any such overriding royalty interest owner who also is or was, 
during said timeframe, a working interest owner of the Unit; (c) Harry Ptasynski, 
W.L. Gray & Co., and all plaintiffs in Grynberg et al. v. Shell Oil 
Company, et al., Cause No. 98-CV-43, District Court, Montezuma County, 
Colorado; and (d) as to those claims arising from the wrongful pricing of CO[2] 
(the “Wrongful Pricing Claim”) and/or from the wrongful setting of the 
tariff of the Cortez Pipeline (the “Unreasonable Transportation Claim”), and 
members of the CO[2] Claims Coalition, L.L.C. (The “Claims 
Coalition”) who, as of the commencement of the class certification hearing 
herein, have executed a written assignment of their Wrongful Pricing Claim and 
their Unreasonable Transportation Claim to the Claims Coalition and have not 
received back a written reassignment of such claims (the “Claims Coalition 
Assignors”).

V. Probate 
Court’s Subject Matter Jurisdiction
        In 
its first issue, Shell asserts that neither the Texas Probate Code nor the Texas 
Trust Code confers subject matter jurisdiction on the trial court, the statutory 
probate court of Denton County, over a “national class action of over 1,000 
different overriding royalty owners spanning 27 states.” Mobil, likewise, in 
one of its subissues contends that the probate court lacks jurisdiction over 
this class litigation. Appellees contend, however, that this court itself has no 
jurisdiction to review Shell’s and Mobil’s jurisdictional complaints in 
these interlocutory class certification appeals. See Tex. Civ. Prac. & Rem. Code Ann. § 
51.014. We disagree and we hold that the trial court lacks subject matter 
jurisdiction over the class claims.
        A. Appellate Court Jurisdiction
        Before 
the probate court signed the class certification order at issue here, Shell and 
Mobil filed pleas to the jurisdiction. They challenged the probate court’s 
jurisdiction over the existing plaintiffs’ claims. The probate court denied 
Shell’s and Mobil’s pleas to the jurisdiction. Appellees point out that 
section 51.014(a)(8) of the civil practice and remedies code permits an 
interlocutory appeal from an order that “grants or denies a plea to the 
jurisdiction by a governmental unit as that term is defined in Section 
101.001.” Id. § 51.014(a)(8) (emphasis 
added). Shell and Mobil are not governmental units and therefore, 
Appellees argue, we lack jurisdiction to review the trial court’s denial of 
Shell’s and Mobil’s pleas to the jurisdiction in this interlocutory class 
certification appeal.
        Generally, 
a Texas appellate court has jurisdiction to hear appeals from final judgments. Lehmann 
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Kaplan v. Tiffany Dev. 
Corp., 69 S.W.3d 212, 217 (Tex. App.—Corpus Christi 2001, no pet.). An 
appellate court has jurisdiction to hear appeals from interlocutory orders and 
judgments only when specifically authorized by statute. Qwest Communications 
Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000); Fort Worth 
Star-Telegram v. Street, 61 S.W.3d 704, 707-08 (Tex. App.—Fort Worth 2001, 
pet. denied). A statute authorizing interlocutory appeals is strictly construed 
because it is an exception to the general rule that only a final judgment is 
appealable. Tex. Dep't of Transp. v. Sunset Valley, 8 S.W.3d 727, 730 
(Tex. App.—Austin 1999, no pet.).
        The Texas Supreme Court and numerous 
courts of appeals have, however, repeatedly recognized that when an appellate 
court is granted jurisdiction to review an interlocutory order or judgment, that 
jurisdiction encompasses a review of the validity of the interlocutory order or 
judgment. See, e.g., State v. Cook United, Inc., 464 S.W.2d 
105, 106 (Tex. 1971) (holding order denying plea in abatement could be attacked 
in appeal from temporary injunction “only in so far as the questions raised 
affect the validity of the injunction order”); Tex. State Bd. of Examiners 
In Optometry v. Carp, 162 Tex. 1, 2, 343 S.W.2d 242, 243 (1961) (holding 
orders overruling motion for severance and plea to the jurisdiction could be 
attacked in appeal from another interlocutory order “in so far as the 
questions raised might affect the validity of the latter order”); Letson v. 
Barnes, 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied) 
(holding trial court’s alleged lack of jurisdiction to enter temporary 
injunction could be addressed in appeal from injunction); R.R. Comm'n of Tex. 
v. Air Prods. & Chems., Inc., 594 S.W.2d 219, 221-22 (Tex. Civ. 
App.—Austin 1980, writ ref'd n.r.e.) (same). But see Faddoul, Glasheen 
& Valles, P.C. v. Oaxaca, 52 S.W.3d 209, 211 (Tex. App.—El Paso 2001, 
no pet.) (holding refusal to abate case because another court acquired dominant 
jurisdiction was not reviewable in appeal of temporary injunction). This 
exception has been applied to permit appellate review of a trial court’s 
jurisdiction to enter a class certification order. Rio Grande Valley Gas Co. 
v. City of Pharr, 962 S.W.2d 631, 638-39 (Tex. App.—Corpus Christi 1997, 
pet. dism’d w.o.j.) (reviewing order that trial judge was recused rather than 
disqualified to determine whether class certification order was void); see 
also In re M.M.O., 981 S.W.2d 72, 79 (Tex. App.—San Antonio 1998, no pet.) 
(recognizing that an appellate court may review whether a justiciable 
controversy exists in the appeal of a class certification order). In other 
words, the trial court’s authority or jurisdiction to enter the appealable 
interlocutory order or judgment is subject to appellate review along with the 
merits of the ruling because “[s]imply put, if the court has no authority to 
act, it can hardly be said that the court's action is valid.” Letson, 
979 S.W.2d at 417.
        Moreover, 
a trial court’s subject matter jurisdiction is never presumed and cannot be 
waived. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 
443-44 (Tex. 1993). Our jurisdiction over the merits of an appeal extends no 
further than that of the court from which the appeal is taken. Ward v. 
Malone, 115 S.W.3d 267, 268 (Tex. App.—Corpus Christi 2003, pet. denied); Dallas 
County Appraisal Dist. v. Funds Recovery, Inc., 887 S.W.2d 465, 468 (Tex. 
App.—Dallas 1994, writ denied). Thus, if the trial court lacked jurisdiction, 
we only have jurisdiction to set the trial court’s judgment aside and dismiss 
the cause. Ward, 115 S.W.3d at 271.
        We 
agree with Appellees that in this interlocutory class certification appeal we 
may not review the probate court’s denial of Shell’s and Mobil’s pleas to 
the jurisdiction, and we do not review that ruling. See, e.g., Witt v. Witt, 
205 S.W.2d 612, 615 (Tex. Civ. App.—Fort Worth 1947, no writ) (holding 
appellate court could not review order denying plea to the jurisdiction in 
appeal of order granting temporary injunction). But we are authorized to review 
the trial court’s authority or jurisdiction to enter the very order appealed 
here: the class certification order. See Tex. Civ. Prac. & Rem. Code Ann. § 
51.014 (a)(3); Cook United, Inc., 464 S.W.2d at 106; Carp, 
343 S.W.2d at 243; Letson, 979 S.W.2d at 417; Air Prods. & Chems., 
Inc., 594 S.W.2d at 221-22. To hold otherwise would 
nonsensically preclude our review of a fundamental tenet—subject matter 
jurisdiction—underlying an order the legislature has statutorily authorized us 
to review. We hold that we have jurisdiction in this section 51.014(a)(3) 
class certification appeal to address whether the statutory probate court has 
subject matter jurisdiction over the class claims. We address that issue next.
        B. Probate Court Jurisdiction
        Texas 
probate jurisdiction is, to say the least, somewhat complex. Palmer v. Coble 
Wall Trust Co., 851 S.W.2d 178, 180 n.3 (Tex. 1992). A statutory probate 
court may exercise only that jurisdiction accorded it by statute. Goodman v. 
Summit at W. Rim, Ltd., 952 S.W.2d 930, 933-34 (Tex. App.—Austin 1997, no 
pet.); City of Beaumont v. West, 484 S.W.2d 789, 791 (Tex. Civ. 
App.—Beaumont 1972, writ ref’d n.r.e.). Our analysis begins, therefore, with 
a review of the jurisdiction accorded to a statutory probate court.
        Section 
25.003(e) of the Texas Government Code provides that, in a county that has a 
statutory probate court, a statutory probate court is the only county court 
created by statute with probate jurisdiction. Tex. Gov’t Code Ann. § 25.003(e) 
(Vernon Supp. 2004). The statutory probate court in Denton County has the 
general jurisdiction of a probate court as provided in section 25.0021. Id. 
§ 25.0635(a). Section 25.0021 then provides that a probate court has the 
general jurisdiction provided in the Texas Probate Code. Id. § 25.0021.
        The 
probate code provides that statutory probate courts have general original 
jurisdiction over “all applications, petitions, and motions regarding probate 
and administrations.” [3] All courts exercising 
original probate jurisdiction also have the power to hear “all matters 
incident to an estate.” [4] In proceedings in 
statutory probate courts, the phrase “incident to an estate” includes:
the probate of wills, the 
issuance of letters testamentary and of administration, and the determination of 
heirship, and also include, but are not limited to, all claims by or against an 
estate, all actions for trial of title to land, and for the enforcement of liens 
thereon, all actions for trial of the right of property, all actions to construe 
wills, the interpretation and administration of testamentary trusts and the 
applying of constructive trusts, and generally all matters relating to the 
settlement, partition, and distribution of estates of deceased persons. [5]

 A statutory probate 
court also has concurrent jurisdiction with the district court in all actions 
involving an inter vivos trust, involving a charitable trust, and involving a 
testamentary trust, regardless of whether the actions involving trusts are 
“incident to an estate.” Tex. 
Prob. Code Ann. § 5A(e). Specifically, probate code sections 
5A(c), (d), and (e) provide:
(c) A statutory probate court 
has concurrent jurisdiction with the district court in all actions:
 
                . 
. . .
(2) involving an inter vivos 
trust;
(3) involving a charitable 
trust; and
(4) involving a testamentary 
trust.
(d) A statutory probate court 
may exercise the pendent and ancillary jurisdiction necessary to promote 
judicial efficiency and economy.
 
(e) Subsections (c)(2), (3), 
and (4) and Subsection (d) apply whether or not the matter is appertaining to or 
incident to an estate.
Id.
        Appellees 
contend that probate code section 5A, subsection (c) controls jurisdiction in 
this case. Appellees point out that one of the original named plaintiffs, the 
Bowdle Trust, is an inter vivos trust and assert that this fact triggers probate 
court jurisdiction under section 5A(c)(3). Alternatively, Appellees contend that 
the probate court acquired jurisdiction over the class claims under section 
5A(d), granting a probate court the pendent and ancillary jurisdiction necessary 
to promote judicial efficiency and economy. [6]
        The 
parties, in addressing probate code section 5A(c)’s grant of jurisdiction to a 
probate court concurrent with the district court in all actions involving inter 
vivos trusts, focus on the district court’s jurisdiction under trust code 
section 115.001 and then assume that the probate court’s jurisdiction is 
identical to that of the district court. But more fundamental questions exist: 
do the class claims for breach of contract, declaratory judgment, breach of 
agency duty to market, breach of the duty of good faith and fair dealing, action 
on account, and conspiracy against Shell and Mobil constitute 
“actions involving an inter vivos trust” as required to trigger statutory 
probate court jurisdiction under probate code section 5A(c)? Or, alternatively, 
do the Bowdle Trust’s claims authorize the probate court to exercise ancillary 
or pendent jurisdiction over the class claims? We apply rules of statutory 
construction to properly interpret the scope of the statutory grant of 
jurisdiction.
        Statutory 
interpretation is a question of law. In re Canales, 52 S.W.3d 698, 701 
(Tex. 2001) (orig. proceeding). Our primary goal is to ascertain and effectuate 
the legislature's intent. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 
734 (Tex. 2002). In doing so, we begin with the statute's plain language because 
we assume that the legislature tried to say what it meant and, thus, that its 
words are the surest guide to its intent. Fitzgerald v. Advanced Spine 
Fixation Sys., Inc., 996 S.W.2d 864, 865-66 (Tex. 1999). We presume the 
legislature intended a just and reasonable result in enacting a statute. In 
re D.R.L.M., 84 S.W.3d 281, 290 (Tex. App.—Fort Worth 2002, pet. denied).
        Giving 
the phrase “actions involving an inter vivos trust” its plain meaning, we do 
not believe the class claims raised in the underlying suit against Shell and 
Mobil are actions involving an inter vivos trust. See Tex. Gov’t Code Ann. § 311.011 
(Vernon 1998) (requiring words used in statutes to be read in context and 
construed according to rules of grammar and common usage). The Bowdle Trust’s 
claims may constitute actions involving an inter vivos trust, but the 
mere fact that an inter vivos trust has the same or similar claims as the 
members of the class does not transform the class claims into actions that 
involve the trust under section 5A(c). Thus, the plain language of probate code 
section 5A(c)’s grant of jurisdiction over “actions involving inter vivos 
trusts” does not confer probate court jurisdiction over class claims having 
nothing to do with an inter vivos trust.
        Additionally, 
in interpreting a statute, we may consider the consequences of a particular 
construction. Id. §§ 
311.021(3), 311.023(5). To hold, as Appellees request, that probate code section 
5A(c) vests the statutory probate court with jurisdiction over class claims 
simply because an inter vivos trust is a member of the class would circumvent 
and impermissibly broaden the legislature’s intentionally narrow grant of 
jurisdiction to statutory probate courts. See, e.g., Borden Inc. v. Sharp, 
888 S.W.2d 614, 618 (Tex. App.—Austin 1994, writ denied). For these reasons, 
we hold that the class claims do not involve an inter vivos trust as that 
term is used in section 5A(c). Accordingly, probate code section 5A(c) does not 
confer jurisdiction upon the statutory probate court over the class claims. [7]
        We 
next address Appellees’ contention that, alternatively, the probate court has 
jurisdiction over the class claims pursuant to probate code section 5A(d). Tex. Prob. Code Ann. § 5A(d). That 
section confers ancillary or pendent jurisdiction on a statutory probate court 
over claims that bear some relationship to the estate pending before the court. Goodman, 
952 S.W.2d at 932. Typically, probate courts exercise ancillary or pendent 
jurisdiction when a close relationship exists between the nonprobate claims and 
the claims against the estate. See Sabine Gas Trans. Co. v. Winnie Pipeline 
Co., 15 S.W.3d 199, 202 (Tex. App.—Houston [14th Dist.] 2000, 
no pet.). That is, probate courts exercise their ancillary or pendent 
jurisdiction over nonprobate matters only when doing so will aid in the 
efficient administration of an estate pending in the probate court. Id.
        Here, 
there is no estate pending in the probate court, no close relationship exists 
between non-probate class claims and pending probate matters, and resolution of 
the class claims here will not aid in the efficient administration of anything 
related to the Bowdle Trust. Rather, the class claims stand independently of, 
and bear no relationship to, the Bowdle Trust’s probate claims. Likewise, 
resolution of the Bowdle Trust’s own claims against Shell and Mobil may aid in 
the administration of that trust, but the resolution of the class claims will 
not. Thus, the facts of this case are not analogous to those cases in which a 
statutory probate court has exercised section 5A(d) ancillary or pendent 
jurisdiction. [8] Cf. id. at 201 
(involving exercise of ancillary or pendent jurisdiction over third-party claims 
against executors of estate pending in probate court); Goodman, 952 
S.W.2d at 932 (involving exercise of ancillary or pendent jurisdiction over 
defendant’s third-party claims after executrix of estate sued defendant to 
clear title to property). We hold that section 5A(d) does not confer jurisdiction 
over class claims on the statutory Denton County probate court.
VI. CONCLUSION
        Because 
the Denton County statutory probate court lacks subject matter jurisdiction over 
the class claims, the class certification order it entered is void. See, 
e.g., Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003) (explaining the 
difference between void and voidable judgments). We sustain Shell’s first 
issue and Mobil’s subissue, vacate the trial court’s class certification 
order, and dismiss this class certification case. See Tex. R. App. P. 43.2(e).
 
 
                                                          SUE 
WALKER
                                                          JUSTICE

PANEL A:   CAYCE, 
C.J.; WALKER, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: January 8, 2004



NOTES
1. The 
Mobil defendants are Mobil Oil Corporation, Mobil Producing Texas and New 
Mexico, Inc., and Mobil Cortez Pipeline, Inc.
2. The 
Shell defendants are Shell Cortez Pipeline Company, Shell CO2 
Company, Ltd. n/k/a Kinder Morgan CO2 Company, L.P., Shell Oil 
Company, Shell Western E & P Inc., and SWEPI LP.
3. For the version of probate code section 5 applicable to 
this case, see Act of May 1, 2001, 77th Leg., R.S., ch. 63 § 1, 2001 
Tex. Gen. Laws 104, 106, setting forth and amending the 1999 version of Tex. Prob. Code Ann. § 5 (current 
version at Tex. Prob. Code Ann. § 
5 (Vernon Supp. 2004)).
4. Id. § 1, sec. 5(f).
5. Act of April 26, 1999, 76th Leg. R.S., ch. 64, 
§ 1, 1999 Tex. Gen. Laws 422, 422, setting forth an amending Tex. Prob. Code Ann. § 5A(b) (current 
version at Tex. Prob. Code Ann. § 
5A (Vernon Supp. 2004)).  Although 
some provisions of probate code section 5 were amended in 2001 and 2003, and 
some provisions of probate code section 5A were repealed and others were amended 
in 2003, the enabling legislation for all these amendments provides that the 
changes in the code apply only to a probate proceeding or other action commenced 
on or after the effective date of the amendments. See Act of May 14, 
2001, 77th Leg., R.S., ch. 63, § 3, 2001 Tex. Gen. Laws 104, 106 
(amending probate code section 5); Act of June 20, 2003, 78th Leg., 
R.S. ch. 1060, § 17, 2003 Tex. Gen. Laws 3052, 3057 (amending probate code 
sections 5 and 5A). Thus, we apply the 1999 version of the probate code which 
was in effect when the underlying suit was filed, and all references hereinafter 
to the probate code are to the 1999 version unless otherwise indicated.
6. The class action clearly does not fall within the 
statutory probate court’s general original jurisdiction over “all 
applications, petitions, and motions regarding probate and administrations.” Tex. Prob. Code Ann. § 5(d). Nor does 
it fall within a probate court’s jurisdiction to hear matters incident to an 
estate because no estate is pending before the probate court. Id. § 
5(f). Indeed, Appellees do not argue these inapplicable jurisdictional grounds.
7. Because we hold that the class claims are not “actions 
involving an inter vivos trust,” the statutory probate court does not have 
concurrent jurisdiction with the district court pursuant to section 5A(c) over 
the class claims. Therefore we need not address whether any concurrent 
jurisdiction of the statutory probate court is equivalent to the district 
court’s jurisdiction under the Texas Trust Code. See Tex. R. App. P. 47.1 (requiring 
appellate court to address only issues necessary to final disposition of 
appeal).
8. Our research has not revealed any other class litigation 
in a statutory probate court.